FINE *v.* MOSES MELODY SHOP.

Opinion delivered July 14, 1930.

*Louis Tarlowski* and *J. W. Barron,* for appellant.

*E. Charles Eichenbaum* and *Barber & Henry,* for appellee.

McHANEY, J. On October 15, 1928, appellee sold appellant Model 10-70 Victrola machine and a Model 9-55 combination radio and Victrola at a price of $1,810, of which $110 was paid in cash, and for the balance a title retaining note was given payable in seventeen equal monthly installments of $100 each, the first to become due and payable on November 1, 1928, and monthly thereafter. Appellant paid three of the installments and defaulted on the others. This suit was instituted to recover the balance due with interest and to impound the property subject to the orders of the court. The trial resulted in a verdict and judgment in favor of appellee for the full amount sued for, and a lien was fixed on the property which was ordered sold to satisfy said judgment.

No question of fact is involved in this case. It is urged that the court committed reversible error in permitting appellee to play and demonstrate the Victrola machine in the presence of the jury without first showing that the Victrola was in substantially the same condition as it was when taken from appellee, and also that the court erred in its oral instructions to the jury. Appellant defended the action on the ground that the machine purchased was wholly unfit for his purposes. He filed a cross-complaint seeking to recover the $410 in cash payments he had made.

As to the first ground for reversal above mentioned, regarding the playing of the Victrola in the presence of the jury, we think no error was committed in this regard. The proof showed that the Victrola was in substantially the same condition it was when taken from appellant. It was repossessed on April 12 by the sheriff's office, and to save storage it was placed in the storehouse of appellee. It was sealed and wired at that time and remained in that condition until November 16, when the seal was broken for the purpose of demonstrating it to witnesses intended to be used to testify at the trial the next day. At that time they found it necessary to replace the tension spring which had fallen down and to make some adjustment of the reproducer, all requiring about ten minutes. Otherwise the machine was shown to be in the same condition as when taken by the sheriff. It was within the discretion of the court to allow a demonstration of the Victrola before the jury. In permitting the demonstration to be made the court necessarily found that the machine was in substantially the same condition as when taken from appellant. *St. L. I. M. & S. Ry. Co.* v. *McMichael,* 115 Ark. 101, 171 S. W. 115; 22 C. J. 776.

It is next said the oral instructions of the court were erroneous. The court told the jury in the instructions complained of that where a sale is made the purchaser has two rights regarding the property, if it is not reason-

ably fit for the purpose intended: first, to rescind the contract, surrender the property and recover his money; and, second, retain the property and recoup his damages for the deficiency in the property, when sued for the purchase price; that appellant elected to pursue the second remedy, and that, if they found the property was reasonably fit for the purpose intended, they would find for the appellee. On the other hand, if they found that it was not reasonably fit for the purpose for which it was intended, not substantially according to the contract, then they would find for the appellant on his claim for damages, not mere minor adjustments or defects, but substantial defects that would make it unfit for use; that the measure of damages, if they found for appellant, was the difference between the value in good condition as represented and the value in its deficient condition, if it was deficient, and to render a judgment for the appellant for such difference. They were further told that, if they found that appellant was entitled to damages on his counterclaim, then they would reduce the amount due on the note, $1,400, by the amount of damages they found due him, and if the damages equalled the whole $1,400 they would find for the defendant. Several complaints were made against this instruction, but we think it unnecessary to take them up and argue them separately, as we have concluded the instruction as a whole states the law correctly. One complaint is that it precluded appellant from recovering the $410 paid in cash on the machine. Conceding this to be true, appellant cannot be prejudiced by it, for the jury were permitted to offset appellant's damages up to the amount of $1,400. It found he was not damaged at all. It evidently found that appellant failed to make out a case on its cross-complaint.

. We find no error, and the judgment is affirmed.