## SHAVER *v.* CLARK COUNTY BANK.

Opinion delivered September 22, 1930.

*J. S. Townsend* and *J. H. Lookadoo,* for appellant.
*McMillan & McMillan,* for appellee.

SMITH, J. Appellee bank brought this suit to enforce the collection of a note to its order for $1,100 given in part payment of an automobile purchased from it by appellant.

An answer was filed in which it was alleged that the automobile was sold under a warranty that it was a new car, and had not been driven more than 250 miles, whereas it was an old car and had been driven so long

that its machinery was badly worn, and that on this account the car was not worth more than $300. It was alleged that the consideration for the car had failed in part, and, as $550 had been paid on the purchase price of the car, judgment was prayed for the recovery of the $250 paid in excess of its value.

The writing sued on was not merely a note; it was a contract of sale which recited the conditions of the sale, but contained no warranty of any kind. Appellant testified that the cashier of the bank, who negotiated the sale of the car, represented to him that the car was practically new, and that he regarded this representation as a warranty, and relied upon it as such, but he later discovered that the car was old, and had been in a wreck, which had necessitated very extensive repairs, and frequent subsequent repairs were required to keep the car in running order, on account of its worn condition.

The testimony of appellant, and that of the mechanic who had frequently repaired the car, was objected to upon the ground that the contract of sale was complete, and contained no warranty, and that it was not permissible to engraft a warranty upon a contract of sale which contained none.

After the conclusion of all the testimony, the record recites that: "Thereupon the court stated to the attorneys that defendant's answer would be treated and considered as amended so as to allege false representations to defendant by plaintiff as to the condition of the automobile in controversy; also to raise the issue of the failure of consideration for the execution of the note sued on."

After making this order, the court directed the jury to return a verdict for the balance due on the note or contract of sale, and from the judgment rendered upon this verdict is this appeal.

It was said in the case of *Lower* v. *Hickman,* 80 Ark. 505, 97 S. W. 681, that: "A warranty is so clearly a part

of a sale that where the sale is evidenced by a written instrument, it is incompetent to engraft upon it a warranty proved by parol. The character of the written instrument is not important, so long as it purports to be a complete transaction of itself, and not a mere incomplete memorandum or receipt for money or part of a transaction where there are other parts of it other than warranties.''

That case has since been frequently followed and approved, and we have no intention of impairing its authority. But, while a parol contract may not be engrafted upon a complete written contract of sale containing no warranty, it is permissible to show that the execution of such a contract was procured by false representations, upon which the purchaser had the right to rely, and did rely, in making the contract; and if these false representations induced the purchaser to promise to pay a sum in excess of the value of the article sold, he may recoup the difference in value arising out of the false representations.

The instant case is sufficiently similar to that of *Hayes* v. *Gammon*, 168 Ark. 1116, 272 S. W. 644, to be controlled by it. In that case the contract of sale was evidenced by a writing which not only did not contain a warranty, but, on the contrary, contained the express recital that ''the property is transferred in its present condition, and no warranties,'' yet, we upheld the action of the trial court in that case in admitting testimony showing that the execution of the contract had been procured through false representation as to the age of the car there sold, which had induced its execution, and affirmed the judgment which had assessed damages on that account.

Appellee insists that the action of the trial court should be affirmed upon the authority of the case of *Federal Truck & Motors Co.* v. *Tompkins*, 149 Ark. 664, 231 S. W. 553. The opinion in that case recites that the pur-

chaser defended upon the ground that he had been deceived and induced to buy a second-hand truck by false representations in regard to its age and condition; but the opinion also recites that the case was not tried upon that issue in the court below. The defendant there sought to defeat a recovery against him by relying upon a contract having the incidents of a sale with a warranty, but to sustain that defense he was required to engraft a warranty by parol upon a complete written contract which contained no warranty, and upon the authority of *Lower v. Hickman, supra,* it was held that this could not be done.

The trial court was correct therefore in holding that a recovery in the instant case could not be defeated on the ground that there had been a breach of warranty. Appellant could not prove a warranty, because his written contract of sale did not contain a warranty, and he could not engraft one upon it by parol testimony; but, when the trial court ordered that the "answer would be treated and considered as amended so as to allege false representations," a different case was presented. The rule of evidence which excludes parol testimony engrafting a warranty upon a valid and complete written contract of sale containing none does not operate to also exclude testimony tending to show that the execution of such a contract was induced by false representations.

Appellee says that no additional testimony was offered after this ruling of the court was made, and that there was therefore no error in directing a verdict in its favor. But, while appellant was unsuccessful in proving a contract containing a warranty, this was true only because the rules of evidence excluded testimony offered for that purpose, and while the testimony could not, for this reason, raise the issue of a breach of warranty, we think it was sufficient to raise the issue for the jury as to whether the execution of the contract had been procured by false representations. If so, appellant had the right

to recoup such damages as arose out of the false representations, and this issue should have been submitted to the jury after it had been ordered that the pleadings be treated as amended to raise the issue.

The record before us presents no question as to whether the court was required, under the circumstances stated, to permit this amendment of the pleadings at the time the amendment was made; nor does the record present the question as to the conditions which might have been imposed as to costs or a continuance, had that been asked.

The amendment of the pleadings was made, and there was testimony tending to show that the execution of the contract was procured by false representations as to the age and condition of the car, and this issue should have been submitted to the jury, and for the error in not doing so the judgment must be reversed, and it is so ordered, and the cause will be remanded for a new trial.