

*B. Ball,* for appellant.

*O. E. Gates,* for appellee.

HUMPHREYS, J.   Appellant brought suit in replevin against appellee in the circuit court of Cleveland county to recover a Dodge automobile which it alleged was sold to appellee by Arkansas Motors, Inc., under a sales contract which provided that appellee would pay the sum of $26 per month on the purchase price of said car for a period of eighteen months and that the title to the car should remain in the seller until fully paid for and upon failure to make said monthly payments the seller could retake the car and declare the contract forfeited.

It was also alleged that appellant bought said note and contract for a valuable consideration before maturity with all the  rights and interest of the Arkansas Motors, Inc.; that appellee has failed to comply with the provisions of the contract and note and, under the provisions thereof, he has forfeited his right to retain possession of the automobile and that appellant is entitled under the accelerating clause in said contract and note to the immediate possession of the automobile and damages for the detention thereof.

Appellee filed an answer to the complaint and a cross-complaint against the Arkansas Motors, Inc., and obtained service on it, but the Arkansas Motors, Inc.. filed no answer thereto.

Appellee interposed several defenses, the main defense being that he exchanged an automobile of the agreed value of $175, as a down payment, for the car in question and executed a note and sales contract for the balance of the purchase money on the representation of the Arkansas Motors, Inc., through its authorized agent, that the car in question was worth $547 and that it was in first class condition or mechanical order, which representation was falsely and fraudulently made to

induce him to make the exchange and sign the note and contract, and, believing the false and fraudulent representation was true and relying upon same as true, he made the exchange and signed the note and contract.

Appellee denied that appellant was an innocent purchaser of the note and contract and alleged that he was the qualified owner of the automobile and entitled to the possession thereof on account of having put $179 in same.

The cause was submitted to a jury upon the pleadings, instructions of the court and the evidence introduced by the parties which resulted in the following verdict: "We, the jury, find for the defendant, T. F. Childs, and against the plaintiff, Commercial Credit Company, for the possession of the Dodge coupe." Judgment was rendered in favor of appellee for the possession of the Dodge car, from which is this appeal.

Appellant has not favored us with an abstract of the instructions so we are unable to determine whether the court erred in his declarations of law applicable to the facts.

We must conclude that the court correctly instructed the jury as to the law applicable to the facts as revealed by the testimony introduced, leaving the only question for determination by us of whether the court erred in admitting evidence over the objection of appellant tending to show that the sale was effected and the notes and contract procured through fraud and misrepresentations of the duly authorized agent of the Arkansas Motors, Inc.; and whether there is sufficient evidence to support the verdict and judgment.

The court, over the objection of appellant, permitted the introduction of oral evidence tending to show that the conditional sales agreement was procured by fraud and misrepresentations. Appellant contends that this was error because the sales agreement contained the following provision:

"This agreement constitutes the entire contract and no waivers or modification shall be valid unless written upon or attached to this contract, and said car is ac-

cepted without any express or implied warranties unless written hereon at the date of purchase.''

This court ruled in the case of *Hayes* v. *Gammon*, 168 Ark. 1116, 272 S. W. 644, that under such a provision in a contract in the sale and purchase of a bus testimony was properly admitted to prove that the purchasers were induced to buy the bus through the fraudulent and false representation by the seller that the bus was only two years old. This rule of evidence was approved in the case of *Shaver* v. *Clark County Bank*, 182 Ark. 188, 31 S. W. 2d 132.

The proof admitted in the instant case was to the effect that a Mr. Howell, the salesman of the Arkansas Motors, Inc., represented to appellee that the car he purchased was of the value of $547 and that same had been thoroughly overhauled and every part put in brand new and said that the car had the same guarantee as a brand new car. We think this testimony clearly admissible under the rule of evidence announced above and was sufficient to prove that appellee was induced to buy the car and sign the note and contract through fraud and misrepresentations concerning its value and its condition.

The testimony strongly tends to show that the automobile was almost worthless and that on account of some defect it would not start and would choke down, even after the Arkansas Motors, Inc., attempted to repair it many times.

This court held in the case of *Fine* v. *Moses Melody Shop*, 182 Ark. 155, 30 S. W. 2d 817, where property sold is not reasonably fit for the purpose intended, the purchaser has two remedies; first, he may rescind the contract, surrender the property and recover his money, or, second, he may retain the property and recoup his damages for the deficiency when sued for the purchase money.

Appellant also contends that it was an innocent purchaser of the note and contract before maturity and was entitled to take the automobile under the terms of the

contract upon the failure of appellee to pay any one or more of the monthly installments of $26 and to sell same and apply the proceeds from the sale to the balance due it on the note and contract.

The note and contract are attached and constitute one instrument covering an agreement of the sale and purchase of the automobile in question. The instrument contains many provisions and conditions and there appears on the back of the contract and attached note, a printed assignment to the Commercial Credit Co., appellant herein, signed by the seller, the Arkansas Motors, Inc. The note, contract and assignment were all executed and signed the same day. The instrument was prepared and delivered to the Arkansas Motors, Inc., by appellant to be used by it in the sale and purchase of cars. Appellant financed the deal.

We think appellant was so closely connected with the entire transaction or with the deal that it can not be heard to say that it, in good faith, was an innocent purchaser of the instrument for value before maturity. It financed the deal, prepared the instrument, and on the day it was executed took an assignment of it from the Arkansas Motors, Inc. Even before it was executed it prepared the written assignment thereon to itself. Rather than being a purchaser of the instrument after its execution it was to all intents and purposes a party to the agreement and instrument from the beginning. To say the least of it, it put the Arkansas Motors, Inc., in the position to procure appellee's signature to the instrument through fraudulent misrepresentation as to the value and condition of the automobile it was selling to appellee. There is little or no dispute in the testimony that Arkansas Motors, Inc. procured the signature of appellee to the instrument appellant has made the basis of its suit by falsely and fraudulently representing to appellee that the car it was selling him was worth $578 and in practically perfect condition, whereas it was of little or no value and so defective that it could not be used.

Under the facts detailed above we think it was appellants duty before taking an assignment of the instrument to inquire whether appellee's signature thereto had been obtained through fraud and misrepresentations.

This court will not disturb, on appeal, the finding of a jury that one is not an innocent purchaser of a note, if the finding is justified or warranted by any substantial evidence. *Holland Banking Co.* v. *Booth,* 121 Ark. 171, 180 S. W. 978; *Iowa City State Bank* v. *Biggadike,* 131 Ark. 514, 199 S. W. 539.

It is unnecessary to decide whether the instrument in question was negotiable under our negotiable instrument act, Pope's Dig., § 10152, *et seq.,* for we have concluded, under the facts and circumstances detailed above, the jury was warranted in finding that appellant was not an innocent purchaser of the note sued on.

No error appearing, the judgment is affirmed.

Griffin Smith, C. J., and McHaney, J., dissent.

