**UNITED STATES v. ROBERTS.**

Civ. A. No. 8918.

United States District Court
E. D. Michigan, S. D.

Aug. 26, 1953.

Frederick W. Kaess, U. S. Dist. Atty., E. Boomie Mikrut, Asst. U. S. Atty., Detroit, Mich., for plaintiff.

Edward J. Kennedy, Jr., Meyer D. Stein, Detroit, Mich., for defendant.

THORNTON, District Judge.

This is an action on a promissory note executed by the defendant and payable to the Norman Sash and Screen Company, or order, in the amount of $301.23, said note having been duly endorsed and negotiated and the plaintiff being the present holder.

### Findings of Fact

1. The complaint filed herein was dismissed without prejudice as to the defendant Edward J. Roberts, by order of the Court on June 23, 1952.

2. On or about December 19, 1945, an application for the purpose of securing an F.H.A. Title I modernization loan was signed by Edward J. Roberts and Valerie E. Roberts, his wife.

3. On January 23, 1946, the modernization loan note in the amount of $301.23 was signed by Valerie E. Roberts and Edward J. Roberts, said note being payable to Norman Sash and Screen Company.

4. The F.H.A. Title I borrower's completion certificate, dated January 22, 1946, and purporting to be signed by Valerie E. Roberts, is a forgery and was not signed by either Valerie E. Roberts or Edward J. Roberts.

5. The storm sashes and screens were installed about two weeks after the note was signed.

6. The storm sashes and screens were not in accordance with the agreement of the parties and were of no value or benefit to her.

7. The National Bank of Detroit was given notice of the forgery of the Completion Certificate as soon as the forgery was discovered.

### Conclusions of Law

1. The within action arises out of a transaction involving the National Housing Act, as amended, and effective July 1, 1939. Section 2(g) of said Act, 12 U.S.C.A. § 1703(g), is as follows:

"The Administrator is authorized and directed to make such rules and regulations as may be necessary to

carry out the provisions of this title."

2. Regulation VIII entitled, "Completion Certificate-Statements" promulgated in accordance with the above Section 2(g) reads as follows:

"1. An insured institution may not disburse the proceeds of a loan to one other than the borrower or to the borrower and another jointly until it has first:

"(a) Obtained a Completion or Installation Certificate signed by the borrower in the following, or a substantially similar, form: * * *"

3. The plaintiff herein is an assignee of the National Bank of Detroit, and as such it stands in its shoes in relation to the validity of defenses available to the defendant against it.

4. The law of the case of Lincoln Nat. Bank & Trust Co. v. Marsh, Sup., 24 N.Y.S.2d 281, 285, is hereby adopted as applicable to the case herein. It was there held that the plaintiff bank was not a holder in due course—

"It is my judgment that plaintiff is not such a holder. The application for the loan is directed to plaintiff. It states that the information contained in it 'is furnished for the purpose of inducing you to grant credit under the terms of Title I of the National Housing Act.'

"The bank was thoroughly familiar with the method employed in making loans of the type involved here. It was chargeable with notice that it should not discount the note until it was furnished with the necessary documents required by the regulations of the Federal Housing Administrator.

"* * * Under these circumstances plaintiff took the note with knowledge of certain limitations and, therefore, did not become a holder in due course."

For the reasons above stated, the defendant has a valid defense to this action, and judgment for the defendant may be entered accordingly.