**UNITED STATES of America,**
**Plaintiff,**

v.

**Mrs. Margaret C. KLATT, Defendant.**
**Civ. No. 18002.**

United States District Court
S. D. California, Central Division.
Oct. 21, 1955.

Laughlin E. Waters, U. S. Atty., Max F. Deutz, Asst. U. S. Atty., Hiram W. Kwan, Asst. U. S. Atty., for plaintiff.

Lee G. Paul, Robert P. Hastings, Leonard S. Janofsky, Oliver F. Green, Jr., Los Angeles, for defendant.

MATHES, District Judge.

This cause having been tried and submitted for decision, and it appearing to the court:

(1) that plaintiff seeks recovery on an alleged promissory note dated October 2, 1947 signed by defendant, made payable to the order of General Heating and Appliance Co., transferred by endorsement to Bank of America, and assigned after default to plaintiff;

(2) that defendant did not know or ascertain, until long after the event, that she had signed the instrument in suit or any other document negotiable in form, and her conduct and lack of knowledge may not, under the circumstances in evidence, be held negligent;

(3) that the "F.H.A. Title I Borrower's Completion Certificate" dated October 3, 1947, purportedly signed by defendant, was not signed by defendant and is a forgery;

(4) that defendant received no value nor consideration in any form from the named payee, General Heating and Appliance Co.;

(5) that upon discovery of the facts, defendant promptly gave notice to Bank of America that the Borrower's Completion Certificate was a forgery and that she had received no consideration from the named payee of the note;

(6) that the common-law distinction between "fraud in the factum" and "fraud in the inducement" [see: Brannan, Negotiable Instruments Law § 55 (6th ed., Beutel, 1938); Ames, "Specialty Contracts and Equitable Defences," 9 Harv.L.Rev. 49, 51–52 (1895); 11 Id. (note) 472 (1898)] has been recognized

# 650

in California since adoption of the Uniform Negotiable Instruments Law [Cal. Civ.Code §§ 3082 et seq.] in 1917 [C. I. T. Corp. v. Panac, 1944, 25 Cal.2d 547, 154 P.2d 710, 160 A.L.R. 1285], although a contrary holding would have been tenable [see: Cal.Civ.Code, §§ 3136, 3138; N.I. L. §§ 55, 57; Brannan, Negotiable Instruments Law, supra, at 623–627];

■ (7) that the defense of *non est factum* being available to defendant, the instrument in suit is void as the promissory note of defendant [see: C. I. T. Corp. v. Panac, supra, 25 Cal.2d 547, 154 P.2d 710, 160 A.L.R. 1285; 4 Williston, Contracts §§ 1158, 1159 (Rev.Ed. 1936); 5 Id. 1488];

(8) that the within action arises out of a transaction involving the National Housing Act, as amended, and Section 2(g) of said Act [12 U.S.C.A. § 1703 (g)], provides that:

> "The Administrator is authorized and directed to make such rules and regulations as may be necessary to carry out the provisions of this title."

(9) that regulations enacted pursuant to this section of the Act provide that the insured bank, before disbursing the proceeds of a loan, "shall obtain a completion certificate signed by the borrower" [24 C.F.R. § 201.8(a) (2); see id. § 200.3(b)];

(10) that since the signature on the Borrower's Completion Certificate in evidence here is a forgery, Bank of America did not "obtain a completion certificate signed by the borrower" as required by the regulations;

(11) that since Bank of America supplied the named-payee dealer with the bank's own printed forms of "Modernization Note", "F.H.A. Title I Credit Application," "F.H.A. Title I Dealer's Completion Certificate," and "F.H.A. Title I Borrower's Completion Certificate," for use in the transaction involved, the bank was charged with knowledge that the transaction was subject to the regulations promulgated by the Federal Housing Administrator;

■ (12) that inasmuch as Bank of America is charged with notice that it could not properly discount the note at bar until furnished with "a completion certificate signed by the borrower" [see United States v. Roberts, D.C.E.D.Mich. 1953, 115 F.Supp. 786, at page 787; Lincoln Nat. Bank & Trust Co. v. Marsh, Sup., 1940, 24 N.Y.S.2d 281, at page 285] the bank took the note with knowledge of defects, and did not, therefore, become a holder in due course [see: United States v. Roberts, supra, 115 F.Supp. at page 787; Lincoln Nat. Bank & Trust Co. v. Marsh, supra, 24 N.Y.S.2d at page 286; Cal.Civ.Code, § 3133];

(13) that the relationship between the payee named in the instrument in suit and the bank, as to the entire transaction giving rise to the instrument, was such that the bank must be considered in effect a party to the original transaction between the named-payee dealer and the defendant; and the bank could not therefore, in any event, be deemed a holder in due course of any negotiable instrument executed as a part of the transaction [see: Mutual Finance Co. v. Martin, Fla., 1953, 63 So.2d 649, at pages 652–653; Commercial Credit Corp. v. Orange County Machine Works, 1950, 34 Cal.2d 766, at pages 770–771, 214 P.2d 819, at pages 821–822; Commercial Credit Corp. v. Childs, 1940, 199 Ark. 1073, at page 1077, 137 S.W.2d 260, at page 262, 128 A.L.R. 726, 53 Harv.L.Rev. 1200; Cal.Civ.Code, §§ 3133, 3136, 3137]; and

■ (14) that since plaintiff became a holder of the note after maturity and with notice of defects, and so is not a holder in due course [Cal.Civ.Code, § 3133], and did not derive its title through a holder in due course, plaintiff holds the instrument subject to the defense of absence of consideration. [Cal.Civ.Code, §§ 3109, 3139.]

It Is Ordered that judgment be rendered in favor of the defendant.

It Is Further Ordered that attorneys for the defendant lodge with the Clerk proposed findings of fact, conclusions of law and judgment pursuant to local rule 7 within five days.

It Is Further Ordered that the Clerk this day serve copies of this order by United States mail on the attorneys for the parties appearing in this cause.