## THAL et al. v. CREDIT ALLIANCE CORPO-RATION. *

### No. 6356.

United States Court of Appeals for the District of Columbia.

Argued April 5, 1935.

Decided May 6, 1935.

Rehearing Denied May 29, 1935.

James J. Slattery, of Washington, D. C., for plaintiffs in error.

Arthur J. Hilland, of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

This case is before the court on a writ of error to the Municipal Court of the District of Columbia. Plaintiffs in error were defendants below and will be referred to as such in this opinion. The defendant in error was plaintiff below and will be so referred to herein.

The case was commenced in the Municipal Court by the plaintiff filing a declaration in replevin, wherein it declared that the defendants were wrongfully detaining

*Writ of certiorari denied 56 S. Ct. 114, 80 L. Ed. —.

a certain soda fountain apparatus from plaintiff, having a value of $600. Plaintiff prayed that the same be taken from the defendants and delivered to it, or for judgment for the value of the article and damages in the sum of $400.

To this declaration the defendants filed a plea of not guilty, and also a plea of set-off. In the latter plea the defendants alleged the breach of a guaranty contained in a certain conditional contract of sale whereby the article in question was sold to defendants. Defendants claimed damages in the sum of $1,000 because thereof.

The case was tried to the court without a jury and the court found for plaintiff and rendered judgment accordingly. The defendants alleged that the court committed various errors in the case, and we are now called upon to review them.

The record discloses that on October 1, 1929, the defendant John M. Thal, acting for himself and his codefendant, Joseph Berlanstein, purchased a certain soda fountain from the Dixie Soda Fountain Service, Inc., under and by means of a conditional contract of sale. On the same day as part payment of the purchase price of the article Thal executed and delivered to the Dixie Company a promissory note promising to pay to it or order the sum of $4,267, to be paid in certain successive monthly installments beginning on the 1st day of December, 1929, and continuing thereafter until the entire sum was paid. At the same time the parties executed a conditional bill of sale for the article in question containing the following stipulation, to wit: "Five-year guarantee on fountain proper."

Afterwards, to wit, on April 24, 1930, the Dixie Company indorsed and transferred the note in question to the plaintiff, Credit Alliance Corporation, together with the conditional contract of sale securing the same, and at the same time notice of the assignment was given to the defendants.

It appears that the stipulated installments set out in the promissory note were paid by defendants up to and including the payment for May, 1933, after which time the defendants made no further payments, but remained in default in the sum of $547, including a balance of $11 due in May, and the entire amount of the installments due in June, July, August, and September 1933.

At the trial below, the defendants offered testimony tending to prove that, un-

der the five-year guaranty contained in the conditional bill of sale, the Dixie Company had made repairs upon the soda fountain free of charge up to March 1, 1932; that after that date defendants were compelled to make necessary repairs upon the fountain because of the failure and refusal of the plaintiff to make the same; that in making such repairs defendants were compelled to expend the sum of $119.43; that the value of the soda fountain at the time of purchase computed with the guaranty set forth in the contract was $4,767, whereas its value at that time, if computed without the five-year guaranty, was only $3,767. Defendants allege that the plaintiff has been requested to make the repairs in question but has refused so to do.

The court rejected the tendered testimony as incompetent and entered judgment against the defendants accordingly, to all of which the defendants duly excepted.

We are of the opinion that the ruling of the lower court was correct. It appears from the record that the promissory note which was executed by defendants was negotiable in form and was indorsed and transferred to the plaintiff in due course, for value and before maturity. The set-off pleaded by the defendants arises from facts which occurred long subsequent to the date of the transfer of the note to the plaintiff. This set-off is based upon the failure of Dixie Company, the original payee of the note, to perform an executory agreement whereby it guaranteed to make necessary repairs upon the property for five years after the date of the conditional contract of sale. The default now in question occurred in the year 1933, whereas the plaintiff had become the bona fide owner and holder of the note in the year 1930. Defendants' set-off cannot be sustained, for the same rule which protects the title of the plaintiff to the promissory note from such a set-off equally protects the rights of the plaintiff as assignee of the conditional bill of sale.

This rule is set out in Carpenter v. Longan, 16 Wall. (83 U. S.) 271, 21 L. Ed. 313, in which it is held that when a mortgage given at the same time with the execution of a negotiable note and to secure payment of it is subsequently, but before the maturity of the note, transferred bona fide for value with the note, the holder of the note, when obliged to resort to the mortgage, is unaffected by any equities arising between the mortgagor and the mortgagee subsequently to the transfer of which the assignee had no notice. In such case the assignee of the note takes the mortgage as he does the note. To the same effect, see: New Orleans Canal & Banking Co. v. Montgomery, 95 U. S. 16, 24 L. Ed. 346; Weldon v. Tollman (C. C. A.) 67 F. 986; Swift v. Bank of Washington (C. C. A.) 114 F. 643; Brewer v. Slater, 18 App. D. C. 48; Commercial Credit Co. v. Summers, 154 Miss. 501, 122 So. 541; Burhans v. Hutcheson, 25 Kan. 625, 37 Am. Rep. 274; Williams v. Keyes, 90 Mich. 290, 51 N. W. 520, 30 Am. St. Rep. 438; Lee v. Clark, 89 Mo. 553, 1 S. W. 142; Webb v. Hoselton, 4 Neb. 308, 318, 19 Am. Rep. 638; Paige v. Chapman, 58 N. H. 333, 334.

The set-off in the present case, as above stated, arises upon a breach of the executory terms contained in the conditional contract of sale whereby the first holder of the note agreed to guarantee the soda fountain for the period of five years. The default complained of occurred in 1933, more than two years subsequent to the time when the note was indorsed and transferred by the first holder to the plaintiff. It is a well-recognized rule of law that such an executory term in the contract of sale does not amount in effect to notice to a subsequent holder of the note for value of a breach which subsequently occurs after the transfer of the note to such holder.

In Davis v. McCready, 17 N. Y. 230, 72 Am. Dec. 461, it is held that the breach of an executory contract which forms the consideration for the acceptance of a bill of exchange is not a defense in whole or in part against indorsees who take the bill for value, with notice of the contract, but without notice of the breach. In Hudson v. Best, 104 Ga. 131, 30 S. E. 688, it is held that knowledge of a consideration of a negotiable promissory note by a purchaser thereof for value and before maturity is not sufficient to charge him with notice of failure of such consideration. In Jenning v. Todd, 118 Mo. 296, 24 S. W. 148, 40 Am. St. Rep. 373, it is held that a collateral contemporaneous agreement providing that a negotiable note shall not be paid if an executory contract forming the consideration of the note is not performed, will not affect the validity of a note in the hands of an indorsee though he have notice of the agreement. Where, however, the breach of the executory agreement had occurred to the knowledge of the indorsee

before he purchased the note he would not be protected. In McNight v. Parsons, 136 Iowa, 390, 113 N. W. 858, 22 L. R. A. (N. S.) 718, 125 Am. St. Rep. 265, 15 Ann. Cas. 665, it is held that knowledge that a note was given in consideration of an executory agreement of the payee which has not been performed will not deprive an indorsee of the character of a bona fide holder unless he also has notice of the breach of that agreement. In U. S. National Bank v. Floss, 38 Or. 68, 62 P. 751, 84 Am. St. Rep. 752, it is held that the breach of an executory contract which is the consideration for a negotiable promissory note is not a defense against such note in the hands of an indorsee for value before maturity even if he had notice of the contract, unless before purchasing he also knew of the breach. In State Nat. Bank v. Cason, 39 La. Ann. 865, 2 So. 881, it is held that if it be known to the transferee of a negotiable promissory note, acquired for value and before maturity, on taking it, that the consideration was future and contingent, and that there might be set-offs against it, this does not make him liable for the equities between the original parties. It cannot affect the negotiability of a note that its consideration is to be thereafter realized, or that from some contingency it may never be enjoyed.

We therefore hold that the refusal of the lower court to sustain the defendants' claim of set-off is correct, and its judgment is affirmed with costs.

Affirmed.