### FABRIZIO v. ANDERSON et al.
### No. 695.

Municipal Court of Appeals for the District of Columbia.

Nov. 23, 1948.

Albert A. Stern, of Washington, D. C., for appellant.

Joseph D. DiLeo, of Washington, D. C., for appellees.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Fabrizio sued Anderson and Maccarone on a promissory note made by them to Frishman and endorsed by him to Fabrizio. Frishman was brought in as a third-party defendant by Anderson and Maccarone, and Fabrizio by amendment to his complaint added Frishman as a defendant. The trial court awarded Fabrizio judgment against Frishman but denied recovery against the makers of the note. Fabrizio has appealed from the judgment in favor of Anderson and Maccarone.

The important question presented is whether the record discloses a basis for a finding by the trial court, sitting without a jury, that Fabrizio was not a holder in due course, because if he were such a holder he was entitled to judgment against the makers of the note.

The note, in the principal sum of $2,100, was dated May 8, 1947, and payable sixty

days after date. Fabrizio testified he purchased the note from Frishman for $1,600; that he purchased it on the day it was executed, after first receiving a favorable report from the bank on the financial responsibility of the makers; and that he purchased the note in good faith and without notice of any failure of consideration or of any disagreement between the makers of the note and the payee.

The makers of the note testified they entered into a contract with Frishman on April 15 by which he agreed to do certain remodeling work for which they agreed to pay partly in cash and the balance of $2,100 in monthly instalments of $100 after completion of the work; that on May 8 they signed the promissory note in question but without reading it; that they were "tricked" into signing it under the belief that its payment provisions were in accordance with the contract and did not realize that the note called for payment in sixty days; that on May 20 Frishman abandoned the work without completing his contract and they were compelled to pay about $3,000 in order to have the work completed.

▉ The testimony of the makers, if accepted by the trial court, as evidently it was, established failure of consideration for the note, and constituted a defense as against the payee, but constituted no defense as against the endorsee if he were a holder in due course. Plaintiff made out a prima facie case establishing his rights as a holder in due course. The makers offered no testimony contradicting plaintiff's claim that he purchased for value and before maturity, and their evidence conceded that he purchased prior to Frishman's abandonment of the contract. The makers relied on their testimony that plaintiff prior to purchasing the note knew of the terms of the contract between them and Frishman. However, knowledge on the part of the purchaser of a note that it was given in consideration of an executory contract does not prevent the purchaser from becoming a holder in due course. A breach of that executory contract after purchase of the note is no defense against

such a holder. Interstate Bankers Corporation v. Kennedy, D.C.Mun.App., 33 A.2d 165; Gross v. Delaney, D.C.Mun.App., 34 A.2d 629; Thal v. Credit Alliance Corporation, 64 App.D.C. 328, 78 F.2d 212, 100 A.L.R. 1354, certiorari denied 296 U.S. 598, 56 S.Ct. 114, 80 L.Ed. 423.

▉ It is further contended that plaintiff did not purchase in good faith because knowing the terms of the contract it was apparent to him that the time of payment fixed by the note was contrary to the time fixed by the contract. This fact alone was not a sufficient basis for a finding of bad faith. The parties to the contract had the right to modify or change the time of payment. While the change disclosed by the note might put an extremely cautious person on inquiry, more than that was necessary to defeat plaintiff's claim. Suspicious circumstances alone do not impute notice to the purchaser of negotiable paper for value and before maturity. Eastern Acceptance Corporation v. Henry, D.C.Mun. App., 62 A.2d 309. See also Ragan v. Wardell, 67 App.D.C. 222, 91 F.2d 253; Martin v. Poole, 36 App.D.C. 281; Hutchins v. Langley, 27 App.D.C. 234; Brewer v. Slater, 18 App.D.C. 48.

▉ There being no evidence in the record sufficient in law to defeat plaintiff's claim as a holder in due course, he was entitled to recover on the note. The judgment will be reversed with instructions to enter judgment for plaintiff against the makers.

▉ We must again remind counsel that appeals are decided on the evidence disclosed by the record. In the instant case there appear, apparently as exhibits to a pleading, copies of a contract and a release. And appellees attached to their brief a copy of the same contract and a copy of a chattel mortgage. Nowhere in the record does it appear that these papers were received in evidence and they cannot be considered.

Reversed with instructions to enter judgment on the note in favor of plaintiff against defendants Anderson and Maccarone.