CERTIFIED MOTORS, Inc., a corporation, Appellant,

v.

NOLAN LOAN COMPANY, Inc., a corporation, trading as Nolan Finance Co., Appellee.

No. 1766.

Municipal Court of Appeals for the District of Columbia.

Argued March 12, 1956.

Decided April 27, 1956.

Mark P. Friedlander, Washington, D. C., with whom Jacob Sandler, Washington, D. C., was on the brief, for appellant.

Leonard B. Meyers, Washington, D. C., for appellee.

Before HOOD, Acting Chief Judge, QUINN, Associate Judge, and CAYTON, (Chief Judge Retired), sitting by designation under Code, § 11-776 (b).

HOOD, Acting Chief Judge.

Certified Motors, Inc., appellant here, sold an automobile to one Moses under a conditional sale contract. The contract showed a balance of $807 due on the purchase price, payable in monthly instalments of $53.80, which Moses agreed to pay in accordance with the terms of a promissory note. The note, signed by Moses and payable to Certified Motors, was attached to the contract by a perforated line. The note bore a notation that it was "in evidence of time balance due under Conditional Sales Contract of even date." A day or so after its execution Certified Motors sold the note and contract at a discount to Nolan Loan Company, Inc., appellee here. When the note and contract were delivered to Nolan Company the contract bore an assignment executed by Certified Motors, but the note bore no indorsement of any kind.

Moses was unable to meet the monthly payments and he returned the automobile to Certified Motors. Nolan Company, being advised of this, took the automobile, made some necessary repairs and then sold it. The amount realized on resale was considerably less than the balance then due on the note, and this action was brought by Nolan Company against Certified Motors for the amount of the deficiency.

The theory on which the action was brought was that Nolan Company purchased the note from Certified Motors on its express promise to unqualifiedly indorse the note and that the failure to indorse was an oversight, and that by reason thereof Nolan Company, under Code Section 28–320,[1] had the right to have the unqualified indorsement of Certified Motors. On conflicting evidence the trial court found that Nolan Company's purchase of the note was in reliance upon the promise of Certified Motors to unqualifiedly indorse it, and granted judgment in favor of Nolan for the unpaid balance of the note.

On this appeal the principal dispute between the parties relates to the negotiability of the note, as it is conceded that the above-cited section of the Code applies only to negotiable instruments. Certified Motors contends that the note and contract must be read together and that certain provisions of the contract destroy the negotiability of the note.

The mere fact that the note on its face referred to the contract giving rise to its execution did not render it nonnegotiable.[2] While the authorities are not entirely in harmony, we think the rule respecting the negotiability of a promissory note concurrently executed with a conditional sale contract was properly stated in Mutual Finance Co. v. Martin, Fla., 63 So. 2d 649, 652, 44 A.L.R.2d 1, 6, where it was said:

"So far as negotiability is concerned, we see no reason why the concurrent execution of a retain title contract, conditional sale agreement, or similar instrument, along with a promissory note for the balance of the purchase price of personal property, should enter into the picture, or in any way affect any of the characteristics of the note which give it commercial value. * * * (Citations.) Nor do we see that it makes any difference whether the note is executed simultaneously on a separate piece of paper or is attached to the conditional sale agreement or retain title contract by perforations."

We are brought to this view by the ruling in Thal v. Credit Alliance Corporation, 64 App.D.C. 328, 78 F.2d 212, 100 A.L.R. 1354, certiorari denied 296 U.S. 598, 56 S.Ct. 114, 80 L.Ed. 423, that a note nego-

---

1. "Where the holder of an instrument payable to his order transfers it for value without indorsing it, the transfer vests in the transferee such title as the transferrer had therein, and the transferee acquires, in addition, the right to have the indorsement of the transferrer. But for the purpose of determining whether the transferee is a holder in due course, the negotiation takes effect as of the time when the indorsement is actually made." Code 1951, § 28–320.

2. Continental Guaranty Corporation v. People's Bus Line, 1 W.W.Harr. 595, 31 Del. 595, 117 A. 275.

tiable in form does not lose its negotiability because executed simultaneously with a conditional bill of sale containing a five year warranty. It is true that in the Thal case it does not appear that the note, as here, was physically attached to the conditional bill of sale, but we think that is immaterial. In First & Lumbermen's Nat. Bank v. Buchholz, 220 Minn. 97, 18 N.W. 2d 771, 774, the court, speaking through Mr. Justice Luther W. Youngdahl, now a Judge of the United States District Court for the District of Columbia, said:

> "The fact that the note was attached to the contract by a perforation did not destroy its negotiability. It was still on its face a negotiable instrument."

It should be remembered that we are dealing here only with the question of negotiability and that no question of a holder in due course is involved.[3] Our conclusion is that the note was negotiable and therefore the Code Section was applicable.

 Certified Motors further contends that even if it is liable the judgment against it is excessive. It argues that the face amount of the note included "finance charges" and cost of insurance which were never earned. This contention lacks merit. We have recognized that there properly may be a difference between a "cash price" and a "time price."[4] The finance and insurance costs were part of the sale price of the vehicle. Certified Motors, having sold a note purporting to represent the balance of the purchase price, is in no position to say that the note in fact represented something else.

 At oral argument, but not in its brief, Certified Motors pointed out some alleged inconsistencies and omissions in the trial court's findings of fact. The findings were not as explicit as might be desired, but they are entitled to a liberal construction

in support of the judgment,[5] and so construed they leave no doubt that the finding was in Nolan Company's favor on all material issues of fact.

Affirmed

---

3. Cf. Palmer v. Associates Discount Corporation, 74 App.D.C. 386, 124 F.2d 225.

4. District of Columbia v. Hamilton Nat. Bank of Washington, D.C.Mun.App., 76 A.2d 60.

5. Travelers Insurance Company v. Dunn, 5 Cir., 228 F.2d 629.