Ervin HOHENSEE, Appellant,

v.

A. Devitt VANECH, Administrator, d.b.n., c.t.a., of the Estate of Frances E. Ohrvall, deceased, Appellee.

No. 2550.

Municipal Court of Appeals for the District of Columbia.

Argued April 4, 1960.

Decided June 15, 1960.

Ervin Hohensee, appellant, pro se.

Arthur F. Callahan, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

PER CURIAM.

Appellant, plaintiff below, urges this court to reverse the trial court's determination that under the provisions of Code 1951, 14–302, he failed to establish that decedent owed him $900 for professional services rendered to her prior to her death.

The claim advanced by appellant against decedent's estate allegedly goes back to June 1953 when, he claims, he made an oral contract with decedent to set up a bookkeeping system for her. According to appellant, he instituted a system that covered the months back through December 1952 and he kept the records current from that time through the month of August 1953. Claiming decedent was to pay him $100 per month for his services and because she had paid him nothing prior to her death in September 1953, appellant in September 1954 filed a claim for $900 against her estate while it was in administration in the United States District Court for the District of Columbia. His claim was rejected on January 23, 1959, and appellant brought this suit three days later.

Appellee administrator defended on the ground that the statute of limitations, Code 1951, 18–518, barred appellant's claim. This defense was not passed on by the trial court, however, and need not

bother us here because the court correctly found that appellant's testimony alone was insufficient to prove his claim against the estate. No evidence, other than his own testimony, was presented by appellant in support of his claim. By force of Code 1951, 14–302, "it was necessary that the appellant produce sufficient corroboration of [his] testimony before [he] was entitled to prevail." Davis v. Carmody, D.C.Mun. App., 154 A.2d 132, 134. A judgment can be based substantially on "the survivor's testimony if there is other evidence from which reasonable men might conclude that his testimony is probably true," but there was no such additional evidence presented to the court below. Rosinski v. Whiteford, 87 U.S.App.D.C. 313, 314, 184 F.2d 700, 701, 21 A.L.R.2d 1009.

■ There is another matter to consider. Prior to argument here appellant moved this court to "Remand Case To Trial Court" so that the court below could hear his motion for a new trial on the ground of newly-discovered evidence. We denied the motion. To his brief appellant now attaches the photostat of what purports to be a ledger sheet that supposedly corroborates his claim. This photostat is very similar to those attached to his motion. Not only does the denial of his motion remove the photostat from our consideration, but more basically it is axiomatic that an appellate court may not consider material not part of the record from the court below. Fabrizio v. Anderson, D.C.Mun.App., 62 A.2d 314.

Affirmed.