Louis E. ZIMMERMAN

v.

MONTOUR RAILROAD COMPANY, Inc.,
Appellant.

No. 13595.

United States Court of Appeals
Third Circuit.

Argued Oct. 6, 1961.

Decided Nov. 9, 1961.

Rehearing Denied Dec. 4, 1961.

Harold R. Schmidt, Pittsburgh, Pa. (John Evans Rose, Jr., Rose, Houston, Cooper & Schmidt, on the brief), for appellant.

Dennis C. Harrington, Pittsburgh, Pa. (McArdle, Harrington & McLaughlin, Pittsburgh, Pa., Gene K. Lynch, on the brief), for appellee.

Before GOODRICH, STALEY and SMITH, Circuit Judges.

STALEY, Circuit Judge.

In an action tried to the court, defendant railroad company was found liable to one of its employees whose right hand was severed while he was attempting to manually couple two railroad cars which were the fifth and sixth cars in a string of fifteen. Liability was based on Section 2 of the Safety Appliance Act, 45 U.S.C.A. § 2, which makes it unlawful for a railroad engaged in interstate commerce to use cars not equipped with couplers that couple automatically upon impact.

On appeal, defendant contends that there is no evidence in the record to support a finding that the fifth and sixth cars were brought together with impact, and further, that the district court failed to make such a finding. Plaintiff answers that although the word impact was not used expressly by the district court, such a finding is implicit in those made and must be affirmed by us since it is not clearly erroneous.[1]

We think that the fourth finding of fact made by the district court is a sufficient finding of impact to support the judgment. It reads as follows:

"4. That on inspection plaintiff found the fifth and sixth cars together, the knuckles properly positioned and closed, but the knuckle lock pin not in position, and therefore, the cars were not coupled."

A district court's finding of fact should be construed liberally and found to be in consonance with the judgment, so long as that judgment is supported by evidence in the record. Travelers Insurance Co. v. Dunn, 228 F.2d 629 (C.A.5, 1956). "Whenever, from facts found, other facts may be inferred which will support the judgment, such inferences will be deemed to have been drawn * * *." Triangle Conduit & Cable Co. v. Federal Trade Commission, 168 F.2d 175, 179 (C.A.7), affirmed sub nom. Clayton Mark & Co. v. Federal Trade Commission, 336 U.S. 956, 69 S.Ct. 888, 93 L.Ed. 1110 (1949). The findings required by the statute need not be in haec verba. The ultimate test as to their adequacy is whether they are sufficiently comprehensive and pertinent to the issues to provide a basis for decision. Schilling v. Schwitzer-Cummins Co., 79 U.S.App.D.C. 20, 142 F.2d 82 (C.A.D.C. 1944). It has been said that the district court's findings serve as an aid to an appellate court in performing its review function by providing a clear understanding of the basis for decision below. Goodacre v. Panagopoulos, 72 App.D.C. 25, 110 F.2d 716 (C.A.D.C. 1940).

The record unquestionably established that the only purpose of impact is to bring together the knuckles of the coupler on opposing cars, and that when the knuckles are in a closed position, the pin drops by gravity and prevents the knuckles from pulling apart. As used in connection with mechanical activities, the word impact is defined as the impinging of one body against another. Webster's New International Dictionary (2nd ed., 1952), p. 1246. No shock or blow is required, as defendant would have us hold. There was unchallenged testimony in the record that the couplers of the fifth and sixth cars were closed and properly positioned at the time plaintiff went between them in an attempt to manually insert the pin. Here, of course, the closing of the couplers to the extent that the holes were aligned could only have been as a result of one body impinging against another. Clearly, then, in finding that the knuckles were properly positioned, the district court found that everything

---

1. Rule 52(a), of the Federal Rules of Civil Procedure, 28 U.S.C.

necessary to effectuate coupling by "impact" had occurred.

Throughout this litigation, the defense was based on lack of "impact." In an oral deposition taken before trial and during cross examination, defendant's counsel repeatedly questioned plaintiff as to whether some factor might have prevented the cars from coming together with sufficient force to give the couplers a "fair trial," e. g., whether the brakes of the cars were on at the time coupling by "impact" was attempted. The record shows that the defendant itself construed the findings to encompass one of "impact," for it twice filed motions to amend the findings, contending that "there was no competent evidence of probative value that there had been sufficient impact to cause either or both of the couplers in question to couple automatically." Consistent with the construction, defendant did not seek to amend the judgment because of a failure to make such a finding, but rather, asked again that the judgment be amended because of the lack of sufficient evidence to support that finding. For all of these reasons, we feel that the finding is adequate to support the judgment.

We have examined the cases cited by the parties in support of their contentions as to the adequacy of the evidence. They are of little value. Where we are called on to review a finding of fact, each case must stand or fall on its own record, and our review of this record convinces us that the district court's finding was not clearly erroneous. There was testimony in the record that the knuckles of the fifth and sixth cars had come together and were properly positioned to receive the pin, but that it failed to drop. Plaintiff testified that he went between the cars in order to drop the pin. There is nothing in the record to show that impact is to do anything but align the knuckles, as was done here, in order to receive the pin. Defendant's own witness made that point clear, for on direct examination he testified as follows:

"Q. If the impact is not hard enough to close the coupler completely, it would hold the pin up? A. It would hold the pin up.

"Q. And in order to couple on impact, there has to be enough impact to close the coupler completely, is that right? A. Yes, sir.

"Q. And otherwise, if the coupler is not closed completely, that will hold the pin up, is that right? A. Yes, sir."

There is no evidence in the record that cars do not couple when the knuckles are properly aligned and properly functioning.[2] In addition, there was testimony that the string of cars involved here was placed on a track that sloped downgrade, and that the weight of the cars would bring enough pressure against the couplers of the fifth and sixth cars to close them tightly, thereby aligning the holes in the couplers to receive the pin.

Defendant makes weight of the fact that immediately after the accident, the cars involved were properly coupled, and that inspection on the day following showed that the couplers were in proper working order. It forgets, however, that the duty imposed by Section 2 of the Safety Appliance Act is an absolute one, requiring performance on the occasion in question. Affolder v. New York, Chicago & St. Louis R. R., 339 U.S. 96, 70 S.Ct. 509, 94 L.Ed. 683 (1950).

The judgment of the district court will be affirmed.

---

2. In references to testimony in the record forwarded to this court by defendant subsequent to argument, it is suggested that impact may, on occasion, be necessary in order to free and activate the pin by producing "jiggling" or "shaking." An examination of the testimony referred to, however, makes it clear that if the coupler is functioning properly, the pin drops when the knuckles are closed.