Earl MANNING, Appellant,

v.

Margaret L. JONES, Appellee.

No. 17807.

United States Court of Appeals
Eighth Circuit.

Aug. 19, 1965.

J. Richard Roberts, of Dearing, Richeson, Weier & Roberts, Hillsboro, Mo., made argument for appellant and filed brief.

Don B. Sommers, of Gray & Sommers, St. Louis, Mo., made argument for appellee and filed brief.

Before VOGEL, RIDGE and MEHAFFY, Circuit Judges.

MEHAFFY, Circuit Judge.

Plaintiff-appellee brought this action for loss of consortium resulting from injuries to her husband allegedly caused by the negligence of the defendant-appellant in rear-ending her husband's automobile while he was stopped in obedience to a highway stop sign.

Jurisdiction is grounded on diversity of citizenship and the substantive law of Missouri controls. Erie R. R. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

It is conceded that under Missouri law a wife can maintain an action for loss of consortium because of injuries to her husband negligently inflicted by a third party. Shepherd v. Consumers Co-op Ass'n, 384 S.W.2d 635 (Mo.1964); Novak v. Kansas City Transit, Inc., 365 S.W.2d 539 (Mo.1963).

The parties waived a jury and the District Court made findings of fact and conclusions of law forming the basis for entry of judgment favoring plaintiff in the sum of $15,000.00.

The facts are without substantial dispute and we briefly summarize them. Plaintiff's husband was en route to work driving in a normal manner, and while stopped for a highway stop sign was struck from the rear by an automobile operated by defendant. The resulting injuries to plaintiff's husband have left him in a permanently helpless condition by reason of rheumatoid arthritis. At the time of the trial plaintiff was a housewife aged thirty-six. Her husband was forty-two.[1] They were married in 1952 and are the parents of four children. Prior to the accident plaintiff's husband led a most active physical life. He participated in various sports, including swimming, hiking, fishing and regular "work outs" with his children on a calisthenic apparatus in their back yard. They owned a twenty-one foot trailer and a boat used on family camping trips to Michigan, Canada, Lake Superior and even the West Coast.

[1] The record indicates that Richard M. Jones was forty-two at the time of this action. However, the District Court in its finding of fact number 9 found Jones to be forty-one. The discrepancy is inconsequential and is only noted by us.

Plaintiff's husband did ninety per cent of the driving and all the heavy work connected with this type excursion. After the accident his condition continued to worsen and in 1962 the family moved to Tucson, Arizona so he could enter the Veterans Administration Hospital there. Except when he was an in-patient at the hospital, plaintiff has been unable to leave him for any period of time longer than five hours. By reason of his condition, his life expectancy at trial date was only fifteen years.

Defendant does not challenge plaintiff's right to recover, the sufficiency of the evidence to support a judgment, or the amount of the award. Rather, the sole issue is based on defendant's contention that the trial court in its findings of fact did not clearly delineate the items of damage and, therefore, improperly considered items which were not a part of plaintiff's loss, but instead were elements of her husband's claim. The trial court made eleven findings of fact but only findings numbered 7 and 9 are pertinent here:

> "7) At the time of trial, it was apparent to the Court from observation of Richard Jones and testimony that *he is unable to move about unassisted and his every need must be attended to by someone else. According to the evidence, these needs were attended to by his wife.* The testimony revealed that the *physical condition of Richard Jones prevented his engaging in any gainful employment* and complete inability to engage in conjugal relations with his wife or to be of comfort or assistance to her.* (R. p. 167) (Emphasis added).

> \*　　\*　　\*　　\*　　\*　　\*

> "9) At the time of the trial, Richard Jones was forty-one years of age and his wife, the plaintiff, was thirty-six. According to the evidence Richard Jones had a life expectancy of about fifteen years. The evidence further demonstrates that if Richard Jones survives for fifteen years, *the plaintiff will have spent fifteen years nursing her invalid husband, leading a life devoid of all normal conjugal relations* and otherwise barren of normal living." (R. p. 168) (Emphasis added)

■ It is theorized that because the court made reference to plaintiff's husband's physical condition which "prevented his engaging in any gainful employment" and which required plaintiff's attendance to his every need, such findings *a fortiori* attest the court's improper consideration of the items of damage. Contrarily, we think such references were necessary to enable the court to properly assess the plaintiff's damages for her loss of consortium. We, therefore, affirm the judgment.

■ Defendant, as have others, would define consortium by dividing it into (1) material services and (2) sentimental elements consisting of loss of aid, comfort, companionship, sexual relations, etc. And although such a definition has been characterized as "absurd", "arbitrary", and "fictitious", it cannot be gainsaid that a husband's complete disability preventing his engaging in any work of any nature and requiring constant attention on the part of his wife involves a deprivation of her consortium for which she has an independent right to be compensated in damages.[2]

2. One of the leading cases on consortium is Hitaffer v. Argonne Co., 87 U.S.App.D.C. 57, 183 F.2d 811, 813 (1950), 23 A.L.R.2d 1366, cert. denied, 340 U.S. 852, 71 S.Ct. 80, 95 L.Ed. 624 (1950). The opinion quotes the following from Lippmann, The Breakdown of Consortium, 30 Colum.L.Rev. 651, 668 n. 13 (1930):
"Redundancy, in common law pleading is familiar to all lawyers. Thus when pleading alleged loss of services, conjugal affection, companionship, etc., no distinct functions were intended. It is the same kind of verbiage that we still use in deeds, wills and pleadings. On this, however, has been postulated an absurd division of consortium into services on the one hand, and conjugal affection, etc., on the other. The cases show that this separation is arbitrary and, in the main, fictitious."

The Missouri Supreme Court in the Shepherd case, supra, held that a wife's action was not barred even though her husband's personal injury action had been settled prior to the recognition of the wife's cause of action. Also rejected was the argument that allowance of recovery for the wife against the same defendant for her loss sustained "by reason of the same injuries her husband had recovered for" would be granting double compensation.[3] In quoting the pleadings from Bernhardt v. Perry, 276 Mo. 612, 208 S.W. 462, 464, 13 A.L.R. 1320 (1918), attention was called to the rights of the wife emanating from her worry and anxiety over her husband's disability to engage in his usual occupation and for watching over and caring for him. The Shepherd court intimated that this solicitude was a compensable element of the wife's cause of action for consortium. 384 S.W.2d at 640.

■■ In support of his theory, defendant relies entirely on Novak, supra, asserting that it compels complete delineation of the items of damage. Novak stands for the proposition that the wife is entitled to damages for a separate and distinct personal loss suffered by her. The Missouri court pointed out that the wife is not entitled to any of the same damages the husband has recovered and such a result might readily be avoided by delineating the items properly includible in the husband's damages and only permitting the wife to recover those losses which are separate and distinct to her. We recognize the subtle distinction raised by defendant but feel that it is misplaced here. The District Court's reference to plaintiff's husband's inability to engage in gainful employment and her compulsory assistance to his every need was not by way of including them as items to be considered in assessing damages, but they were statements attesting plaintiff's deprivation of all normal wifely activities and confirming the void created by the loss of her husband's society. If this

were a decisive point, we would be constrained to follow the experienced Missouri District Judge on questions of local law, particularly in this instance where he had the benefit of the parties' briefs in arriving at his judgment. Merrick v. Allstate Insurance Co., 349 F.2d 279 (8th Cir. 1965); Bookwalter v. Phelps, 325 F.2d 186, 188 (8th Cir. 1963); S & L Co. of Des Moines v. Wood, 323 F.2d 322, 328 (8th Cir. 1963); Jennings v. McCall Corp., 320 F.2d 64, 70 (8th Cir. 1963).

We think, however, that the dispositive question rests upon an interpretation of the District Court's findings of fact as required by Rule 52, Fed.R.Civ.P., and not the substantive law of Missouri. Cf. Grenier v. Harley, 250 F.2d 539 (9th Cir. 1957).

■ Rule 52 precludes the setting aside of findings of fact unless clearly erroneous and we must indulge the presumption of their correctness. United States v. Skolness, 279 F.2d 350 (8th Cir. 1960).

There is nothing in the findings that convinces us that the District Court erroneously included in its conclusion of law number 3 any component of plaintiff's husband's claim:

"The court finds that the plaintiff is entitled to recovery in the amount of $15,000.00 of the defendant for loss of consortium caused by the defendant's negligent injury of her husband."

■ The court was speaking of plaintiff's right of recovery and her loss of consortium, and there is nothing in either the findings, conclusions or judgment to indicate the contrary unless we indulge in a fantastical exercise in semantics. The defendant here has the burden of clearly demonstrating error in the findings. Cedillo v. Standard Oil Co., 291 F.2d 246 (5th Cir. 1961), cert. denied, 368 U.S. 955, 82 S.Ct. 397, 7 L.Ed. 2d 387 (1962); Los Angeles Shipbuilding & Drydock Corp. v. United States,

---

3. The record is silent as to whether plaintiff's husband here has recovered anything by way of suit or settlement.

289 F.2d 222 (9th Cir. 1961). We have held on numerous occasions that the findings of fact by a trial judge sitting without a jury should not be set aside unless it is clearly demonstrated that they are without adequate evidentiary support or induced by an erroneous view of the law. Arkansas Valley Feed Mills v. Fox De Luxe Foods, Inc., 273 F.2d 804 (8th Cir. 1960); Hartford Acc. and Indem. Co. v. Shaw, 273 F.2d 133 (8th Cir. 1959); Western Surety Co. v. Redman Rice Mills, Inc., 271 F.2d 885 (8th Cir. 1959). And we must accept all inferences that tend to support the conclusions of the trial court. Minnesota Amusement Co. v. Larkin, 299 F.2d 142, 146 (8th Cir. 1962); City of West Plains v. Loomis, 279 F.2d 564, 567–568, 92 A.L.R.2d 459 (8th Cir. 1960); United States v. Skolness, supra, 279 F.2d at 352–353.

■■■ More specifically, a district court's findings of fact must be liberally construed and found to be in consonance with the judgment if the judgment has support in the record evidence. Blumenthal v. United States, 306 F.2d 16, 17–18 (3rd Cir. 1962); Zimmerman v. Montour R. R., 296 F.2d 97, 98 (3rd Cir. 1961), cert. denied, 369 U.S. 828, 82 S.Ct. 845, 7 L.Ed.2d 793 (1962). This is so even if the findings are not as specific or detailed as might be desired. Travelers Ins. Co. v. Dunn, 228 F.2d 629 (5th Cir. 1956); Carr v. Yokohama Specie Bank, Ltd., 200 F.2d 251, 255 (9th Cir. 1952). See and compare Stone v. Farnell, 239 F.2d 750, 757 (9th Cir. 1956) to the effect that a presumption must be indulged that all proper items were considered in the computation of damages.

■■■ If we need indulge a presumption from the findings of fact, we must presume that the trial court considered only damages exclusively within plaintiff's loss of consortium in arriving at its judgment. In analogous reasoning we have often held that it is presumed on appeal that only competent evidence was considered by the trial court. Freightways, Inc. v. Stafford, 217 F.2d 831, 837 (8th Cir. 1955); Grandin Grain & Seed Co. v. United States, 170 F.2d 425 (8th Cir. 1948); Anderson v. Federal Cartridge Corp., 156 F.2d 681 (8th Cir. 1946); Thompson v. Baltimore & O. R. R., 155 F.2d 767 (8th Cir. 1946), cert. denied, 329 U.S. 762, 67 S.Ct. 122, 91 L.Ed. 657 (1946).

■■■ Our attention is directed towards a determination of whether the findings are sufficient to provide a basis for decision and whether they are supported by the evidence. Weber v. McKee, 215 F.2d 447 (5th Cir. 1954); Carr v. Yokohama Specie Bank, Ltd., supra; Norwich Union Indem. Co. v. Haas, 179 F.2d 827 (7th Cir. 1950); Shapiro v. Rubens, 166 F.2d 659 (7th Cir. 1948).

■■■ In the instant case, the District Court found that plaintiff's husband's physical disability resulted in his "complete disability to engage in conjugal relations with his wife or be of comfort or assistance to her" and left her with a life "devoid of all normal conjugal relations and otherwise barren of normal living." These facts find abundant support in the record evidence and are not in dispute. Certainly they suffice as a basis for the court's judgment in awarding damages to the plaintiff for the loss of her separate right of consortium growing out of the marriage contract. Defendant's counsel frankly conceded at oral argument that deprivation of sexual relations alone would suffice to justify the amount awarded. That element of consortium was proven at trial without attempted contradiction.

Since the defendant has not demonstrated any clear error, the judgment is affirmed.