Richard W. ATWOOD, by Alice B. Atwood, as Next Friend, and Alice B. Atwood, Individually and as Domiciliary Conservatrix of the Domiciliary Estate of Richard W. Atwood, Distracted, and as Next Friend and Next-of-Kin of Richard W. Atwood, N.C.M., Plaintiffs-Appellants,

v.

FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a Corporation, Defendant-Appellee.

No. 15794.

United States Court of Appeals Seventh Circuit.

June 16, 1967.

Rehearing Denied July 24, 1967.

Thomas Hart Fisher, Horace A. Young, Chicago, Ill., for appellants.

John P. Hampton and Roger D. Doten, Chicago, Ill., Dent, Hampton & Doten, Chicago, Ill., of counsel, for appellee.

Before HASTINGS, Chief Judge, DUFFY, Senior Circuit Judge, and SCHNACKENBERG, Circuit Judge.

DUFFY, Senior Circuit Judge.

This is a diversity suit brought by and on behalf of Richard W. Atwood, an Illinois incompetent (Richard), to recover $50,000 for alleged breaches of his Texas ancillary guardian's bond. The defendant surety company, a Maryland corporation (Fidelity), was served with process in Illinois.

Alice B. Atwood is a sister of and the next-of-kin to Richard W. Atwood. Plaintiffs seek to recover the face amount of the surety bond plus interest and costs because of the alleged failure of guardian B. D. Tarlton to account for $84,321.64 received by him as such guardian.

The Texas ancillary guardian, B. D. Tarlton, was originally appointed in 1937 by the County Court of Willacy County, Texas. He first gave a $5,000 bond with Fidelity as surety. He later advised the Court that certain oil royalties would come into his possession and suggested that his bond should be increased to $50,-000.

On June 28, 1948, Tarlton as guardian and Fidelity as surety, executed a $50,000 bond in lieu of the former $5,000 bond. The new bond was conditioned that Tarlton will faithfully discharge the duties of guardian of the estate of his ward according to law. Tarlton died in 1956. The Texas National Bank of Houston was appointed in 1959 as successor ancillary guardian.

During the pendency of this suit, Alice B. Atwood died, and the LaSalle National Bank of Chicago was appointed as Illinois successor conservator of the domiciliary estate of Richard B. Atwood, Distracted. Following a trial before the Court, a judgment in this suit was entered in favor of the defendant.

Richard W. Atwood has, from infancy, lived in Illinois and now resides in that state. Since 1899 or 1900, he had resided in and had been maintained at Kenilworth Sanitarium, Kenilworth, Illinois. In recent years, after the Kenilworth Sanitarium was terminated, Richard was removed to Belleview Place Sanitarium, a few miles outside of Chicago, and currently he is in the Brookwood Sanitarium.

Plaintiffs argue Tarlton breached his duty by paying $43,872.98 from the corpus of the incompetent's funds to the Kenilworth Sanitarium. Plaintiffs refer particularly to one hundred and four checks which are in evidence.

The statement by plaintiffs that Tarlton drew the one hundred and four checks totaling $48,377.68 is not accurate. The record discloses that the trustees of the Henrietta King [1] Estate in Texas issued one hundred four checks which were delivered to Tarlton. Ninety-two of these checks were payable to the order of Tarlton with designation on the checks that they were payments for the care of Richard at the Kenilworth Sanitarium. These checks were forwarded to the Sanitarium and were there cashed.

The twelve remaining checks showed on the faces thereof that they were for payments of bond premiums, court costs and other expenses of administration. There is no claim these checks were excessive in amount or that they dupli-

---

1. Henrietta King was the grandmother of Richard W. Atwood.

cated any payments by the Illinois conservatrix. Also, there is no showing that any one else during that period paid anything for Richard's support.

The first two payments to the Kenilworth Sanitarium were specifically authorized by a prior order of the Willacy, Texas, County Court. The remaining payments were all shown in Tarlton's annual accounts which were approved by orders of the Willacy County Court.

■ It may well be that the procedure followed in making payments to the Kenilworth Sanitarium was not strictly in accord with Texas statutes, but certainly, there was no damage as a result of the procedure followed. The first two payments were specifically authorized. Subsequent payments were approved by the Willacy County Court. Richard, living at the Sanitarium, received the benefits of the expenditures. We hold that a technical deviation such as may have occurred without any damage to the incompetent, was not a breach of the surety bond here at issue.

The Texas cases cited by plaintiffs do not hold that such an authorization must be formally given or that authorization may not be given retroactively.

Appellant claims the trial judge violated Rule 52(a), Federal Rules of Civil Procedure, by not making special findings of fact and separate conclusions of law dealing with various individual alleged breaches of fiduciary duty by Tarlton. Appellant then cites a number of United States Supreme Court cases holding that lacking such special findings of fact and separate conclusions of law, the judgment below must be reversed.

■ As the trial court did file findings of fact 1 to 15 inclusive, and conclusions of law 1 to 7 inclusive, it is somewhat difficult to understand appellant's objections. "The ultimate test as to their adequacy [of findings and conclusions] is whether they are sufficiently comprehensive and pertinent to the issues to provide a basis for decision." Zimmerman v. Montour Railroad Company, 3 Cir., 296

F.2d 97, 98, cert. den. 369 U.S. 828, 82 S.Ct. 845, 7 L.Ed.2d 793.

■ We hold that the findings of fact and the conclusions of law filed by the trial court herein were sufficiently adequate and comprehensive to show the basis for the decision rendered.

The District Court found that prior to his death on April 22, 1956, Tarlton filed eighteen periodic accounts in the guardianship proceeding in the Willacy County Court. Each of the accounts was approved by an order of the County Court.

After Tarleton's death, his widow filed a final account in which she accounted for all funds on hand and receipts of the guardianship subsequent to Tarlton's death. This account showed $41,303.74 as the amount chargeable to Tarlton, and this amount was turned over to the Texas National Bank, the successor guardian.

The Texas statutes provide for three methods of reviewing orders and judgments in guardianship proceedings. However, no objections to any of the accounts were made in the County Court, and no proceedings were ever taken in the County Court of Willacy County or in any other Texas court to have a review of the orders approving the amounts.

■ Many Texas cases hold that Texas probate courts are courts of general jurisdiction, and orders entered within their jurisdiction are binding unless reversed by proceedings in one of the three manners provided by statute. These cases hold that such orders and judgments are not subject to collateral attack. This rule was recognized in a suit upon a guardian's bond in National Surety Co. v. Landers (Tex.Ct. of Civ.A. 1921), 235 S.W. 275. Some of the other cases approving the rule are Hines v. Givens (1902), 29 Tex.Civ.App. 517, 68 S.W. 295; McGrady v. Clary (Tex.Ct. of Civ.A.1923), 247 S.W. 1099; Askey v. Power (1936), 127 Tex. 335, 94 S.W.2d 136; Dansby v. Stroud (Tex.Ct. of Civ.A. 1932), 48 S.W.2d 1018.

■ We agree with the conclusions of the District Court that the several ac-

counts filed by guardian B. D. Tarlton, and the orders of the County Court of Willacy County, Texas, which approved those accounts, cannot be attacked collaterally in this proceeding.

The briefs on both sides discuss in some detail whether the Texas National Bank of Houston was a necessary party to this proceeding. Considerable argument is made as to the difference between a necessary party and an indispensable party.

It is true, that in a conclusion of law, the trial court held that the Texas National Bank of Houston was a necessary party. However, the District Court did not dismiss the complaint for failure to join an indispensable or necessary party. It is now of no importance who would have been entitled to receive the amount recovered since there is to be no recovery in this suit upon the bond. The Court's conclusion on this question was, in no manner, the basis for the judgment which was entered.

Plaintiffs have raised a number of additional questions but little effort was made to comply with Rule 16 of this Court which requires that an appendix be printed containing enough of the record to fairly present to this Court the evidence upon which the trial court made the ruling of which plaintiffs complain.

The transcript of proceedings contains approximately five hundred pages. There are more than two hundred ninety exhibits. Plaintiffs' appendix consists of thirty-six pages. About half of these are copies of pretrial motions and affidavits of Thomas Hart Fisher, the attorney for the plaintiffs, in connection with such motions. However, in spite of the deficiencies in plaintiffs' appendix, we shall briefly mention several of the arguments presented in the briefs of plaintiffs.

We have carefully considered plaintiffs' arguments that Tarlton failed to account for $5,600 received from Humble Oil & Refining Company; that Tarlton breached his fiduciary duty by paying certain federal income taxes; that he breached his duty in obtaining court orders for payment to himself of $2,500 and $1,250 as attorney fees, and that he breached his duty by not promptly investing funds.

In our view, each of these contentions is without merit. Certified copies of the accounts approved by the Texas probate court were introduced into evidence below. They clearly show that Tarlton accounted for the funds received by him and explained all disbursements.

We have considered all other contentions of plaintiffs which we have not mentioned, and find them without merit.

The judgment entered by the District Court in favor of the defendant should be and hereby is

Affirmed.