**M. F. BROWN, Plaintiff-Appellee,**

v.

**LYKES BROTHERS STEAMSHIP COM-
PANY, INC., in personam, and SS LIPS-
COMB LYKES, in rem, Defendants-
Appellants.**

No. 73-1572
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 31, 1973.

Kenneth D. Kuykendall, Houston,
Tex., for defendants-appellants.

Atreus Clay, Houston, Tex., for plain-
tiff-appellee.

Before GEWIN, COLEMAN and
MORGAN, Circuit Judges.

PER CURIAM:

This is an admiralty case brought by
appellee Brown against appellant Lykes
Brothers Steamship Company, Inc.
(Lykes) under the Longshoremen's &
Harbor Workers' Compensation Act.[1]
Brown, a longshore-employee, sought
damages for an injury incurred while
working in the hull of Lykes' ship,
maintaining that his injury was occa-
sioned by a breach of the vessel's war-
ranty of seaworthiness.

The district court found that at the
time of the injury, Brown and other
longshoremen were unloading a sling
load of bales of cotton which would

---

* Rule 18, 5th Cir. See Isbell Enterprises,
Inc. v. Citizens Casualty Co. of New York
et al., 5th Cir. 1970, 431 F.2d 409, Part
I.

1. 33 U.S.C. § 904 (1970). Although the
Longshoremen's & Harbor Workers' Compen-
sation Act unequivocally states that "lia-

bility of an employer prescribed in Section
904 of this title shall be exclusive," 33 U.S.C.
§ 905 (1970); ~Reed v. S.S. YAKA, 373
U.S. 410, 83 S.Ct. 1349, 10 L.Ed.2d 448
(1963) announced the rule that a longshore-
employee may institute an action against his
shipowner-employer based upon the vessel's
warranty of seaworthiness.

nearly complete the fifth layer of bales. As they were lifting the ends of the bales the winch began to pull the sling from under the bales, and the sling caught on an obstruction and became taut, thereby causing the bales to shift and knock Brown off of the stow into the hold of the vessel. Since each layer of cotton was two feet thick and Lykes was concededly remiss in failing to comply with a federal regulation which requires a shipowner to guard the edge of stowed cargo with a safety net when such cargo is 8 feet high,[2] the district court found that the warranty of seaworthiness had been breached. It also concluded that the unseaworthy condition of the vessel was the sole proximate cause of the injury and that Brown was free from contributory negligence. We affirm.

Lykes' first contention is that the finding of the district court that the stow upon which Brown worked was of such height and location as to require the net was clearly erroneous. The record is replete with discrepancies in the testimony on this matter. Consequently, this is not an appropriate cause for reversal under the clearly erroneous standard.[3]

Lykes' second contention is that the district court's finding of no contributory negligence is incorrect as a matter of law. We also find that contention to be without merit.[4]

For the reasons set forth above, we affirm the judgment of the district court.

Affirmed.

---

2. Stowed cargo and temporary landing platforms, 29 C.F.R. § 1918.32(b) (1972):

   When an edge of a hatch section or of stowed cargo more than 8 feet high is so exposed that it presents a danger of an employee falling, the edge shall be guarded by a safety net of adequate strength to prevent injury to a falling employee, or by other means providing equal protection under the circumstances.

3. See McAllister v. United States, 348 U.S. 19, 20, 75 S.Ct. 6, 99 L.Ed. 20 (1954); United States v. United States Gypsum Co., 333 U.S. 364, 394, 68 S.Ct. 525, 92 L.Ed. 746 (1948); Ward v. Hobart Manufacturing Co., 450 F.2d 1176, 1182-1183 (5th Cir. 1971).

4. On occasion, this court has deemed a remand necessary to insure compliance with F.R.Civ.P. 52(a). See Lettsome v. United States, 434 F.2d 907, 909 (5th Cir. 1970). However, where a finding of a subsidiary fact inheres in the finding of an ultimate fact, a remand is not required. Cf. e. g., United States v. Jacobs, 308 F.2d 906 (5th Cir. 1962). Findings similar to those made herein have frequently been sustained against challenges of insufficient precision. See, e. g., Gulf King Shrimp Company v. Wirtz, 407 F.2d 508, 515 (5th Cir. 1969); Compania Anonima Venezolano De Navegacion v. Matthews, 371 F.2d 971, 973 (5th Cir.), cert. denied, 389 U.S. 820, 88 S.Ct. 37, 19 L.Ed. 2d 71 (1967).