818 F.2d 867
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James T. SHERRILL, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 86-5452.
 United States Court of Appeals, Sixth Circuit.
 May 20, 1987.
 
 Before MERRITT, WELLFORD and NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 On or about June 16, 1979, plaintiff slipped, fell, and injured his back aboard the USNS Sealift China Sea (a public vessel utilized by the U. S. Navy). On February 12, 1981, he filed a complaint for damages against the United States of America, claiming a Jones Act violation (46 U.S.C. Sec.688) and unseaworthiness under the General Maritime Law. Sherrill also sought maintenance and cure, but this count was settled.
 
 
 2
 Sherrill, a seaman, testified that he slipped on a foreign object that felt like a pencil while descending an internal ladder of the vessel. He also admitted that when he slipped, the stairwell involved was well-lighted, that he was holding on to the railings on the ladder with both hands, and that he was looking down the ladder as he descended. A utilityman, William C. Sanders, testified that some time after the accident he found a black government ballpoint pen on the deck not far from the location where Sherrill had been found and that the casing of the pen was cracked. He did not report this to anyone. Other witnesses testified that they searched the area after the fall and could find no reason for the fall; they noticed no pen nearby.
 
 
 3
 The district court found that plaintiff failed to meet his burden of proof in regard to his Jones Act claim because he failed to prove that the ship owner had actual or constructive notice of the alleged presence of an object on the ladder, if one were located there. The court also dismissed the unseaworthiness claim because the ladder was reasonably fit for its intended use.
 
 
 4
 Appellant asserts that under Federal Rule of Civil Procedure 52(a), the district court should have made a specific finding of fact as to whether a foreign object was actually on the ladder of the ship. Appellant acknowledges that the trial court is not required to make a finding on each and every fact involved in the litigation, but contends that the court erred in not making this required finding.
 
 
 5
 A reasonable interpretation of the district court's findings is that plaintiff did not prove that there was a pen on the ladder. Implied in the finding that the ladder was seaworthy was the district court's conclusion that a foreign object was not proven to have been on the step of the ladder, or that plaintiff failed to prove that this was the cause of his fall and injury.
 
 
 6
 Findings are to be liberally construed in support of a judgment, Triangle conduit and Cable Co. v. FTC, 168 F.2d 175 (7th Cir. 1948), affirmed 336 U.S. 956, 69 S. Ct. 888, 93 L.Ed. 1110 (1949), even though the findings are not as explicit or detailed as might be desired. Travelers Insurance Co. v. Dunn, 228 F.2d 629 (5th Cir. 1956). If, from the facts found, other facts may be inferred which will support the judgment, such inferences should be deemed to have been drawn by the District Court. Triangle Conduit and Cable Co., 168 F.2d at 179; Brown v. Lykes Brothers Steamship Co., Inc., 484 F.2d 61 (5th Cir. 1973).
 
 
 7
 Indeed, the failure to even make an express finding of a particular fact does not require reversal if a complete understanding of the issues may be had without the aid of separate findings. Huard-Steinheiser, Inc. v. Henry, 280 F.2d 79 (6th Cir. 1960) ; Urbain v. Knapp Brothers Mfg. Co., 217 F.2d 810 (6th Cir. 1954); see also Southwestern Publishing Co. v. Simons, 651 F.2d 653 (9th Cir. 1981), Swanson v. Levy, 509 F.2d 859 (9th Cir. 1975).
 
 
 8
 Grover Hill Grain Co. v. Baughman-Oster, Inc., 728 F.2d 784, 793 (6th Cir. 1984). In this case the judge implicitly found that the pen in question was not proved to be on the ladder at the time of plaintiff's fall.
 
 
 9
 The requirement of seaworthiness was enunciated in Mitchell v. Trawler Racer as "absolute and completely independent of [the owner's] ... duty under the Jones Act to exercise reasonable care." 362 U.S. 539, 549 (1960). The Court clarified this standard by stating that:
 
 
 10
 What has been said is not to suggest that the owner is obligated to furnish an accident-free ship. The duty is absolute, but it is a duty only to furnish a vessel and appurtenances reasonably fit for their intended use. The standard is not perfection, but reasonable fitness; not a ship that will weather every conceivable storm or withstand every imaginable peril of the sea, but a vessel reasonably suitable for her intended service.
 
 
 11
 Id. at 550 (citation omitted). See also Italia Societa Per Azioni Di Navigazione v. Oregon Stevedoring Co., 376 U.S. 315, 322 (1964) .
 
 
 12
 Whether a vessel is unseaworthy is a question of fact. See Jordan v. United States Lines, Inc., 738 F.2d 48, 50 (1st Cir. 1984) ; Joyce v. Atlantic Richfield Co., 651 F.2d 676, 681 (10th Cir. 1981) ; Dunlap v. G. & C. Towing,, Inc., 613 F.2d 493, 496 (4th Cir. 1980); Garcia v. Murphy Pacific Marine Salvaging Co., 476 F.2d 303, 305 (5th Cir. 1973). The duty to furnish a seaworthy ship is not limitless, but is one of reasonable fitness. Id.; Reinhart v. United States, 457 F.2d 151, 152 (9th Cir.1972). The ship must be "reasonably fit to enable the crew to perform their duties with reasonable safety." Reinhart, 457 F.2d at 152. "A seaman is not entitled to a deck or ladder that is free of all oil or grease. Unseaworthiness exists only when the oil or grease creates such a condition of slipperiness that the deck or stairway is no longer reasonably fit for its intended use by the crew." Rice v. Atlantic Gulf & Pacific Co., 484 F.2d 1318, 1321 (2d Cir. 1973) . The findings of the trial court will not be set aside unless clearly erroneous. Santana v. United States, 572 F.2d 331, 335 (1st Cir. 1977).
 
 
 13
 Under the circumstances of this case, it cannot be said that the decision of the trial court was clearly erroneous. The judge made adequate and sufficient findings to support his conclusion. we AFFIRM the district court decision as to both counts at issue.