Marshall, C. J.
 

 In addition to the facts herein-before stated the record discloses that at the time of the execution of the notes a mortgage was also executed, but no description of property was inserted, because a description of the auto to be purchased could not have been definitely made. This incomplete instrument was delivered to the Motor Finance Corporation along with the notes, but the description was never completed, and suit was brought upon the notes without regard to the mortgage. The mortgage therefore has nothing to do with this transaction, except in so far as it might reflect upon the knowledge of the Motor Finance Corporation that a Dort sedan was to be delivered in consideration of the notes.
 

 The Motor Finance Corporation seeks to recover as a holder in due course of negotiable paper. Section 8157, General Code, defines a holder in due course as follows:
 

 “Sec. 8157. One is a holder in due course who
 
 *321
 
 has taken the instrument under the following conditions:
 

 “1. That it is complete and regular upon its face.
 

 “2.
 
 That he became the holder of it before it was overdue, and without notice that it previously had been dishonored, if such was the fact.
 

 “3. That he took it in good faith and for value.
 

 “4. That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it.”
 

 It is beyond dispute that the notes were complete and regular upon their face, and that the indorsee received them before maturity. Some question is made as to the good faith of the indorsee, but that question can easily be disposed of, because the entire transaction was tripartite in a measure, and Huntsberger knew that the notes were given in consideration of a Dort sedan car which the payee of the notes did not then have in his possession and which would have to be obtained from the factory, and Huntsberger further knew that the notes were given because he (Huntsberger) did not have the cash to pay Lautenschlager, and Lautenschlager did not have the cash to pay to the factory for the purchase of the car. Huntsberger further knew that notes in the hands of Lautenschlager, who lacked cash, would be no aid to the transaction, unless the notes were negotiated. Huntsberger was therefore in the position of dealing with an irresponsible party, or at least one not able to finance his business transactions, and he was aiding him by delivering to him notes which had many of the characteristics of accommodation paper. If
 
 *322
 
 Huntsberger did not know that the notes were being negotiated, it is certain that he made no objection thereto, and that he placed negotiable paper in the hands of Lautenschlager which he must have known could be used for that purpose. The finance corporation could under these circumstances have no more knowledge of Lautenschlager than Huntsberger had, and, instead of the transaction showing bad faith on the part of the finance corporation, it rather shows too much good faith unwisely reposed by Huntsberger in Lautenschlager.
 

 The Court of Appeals, in reversing the judgment of the court of common pleas, must have found an infirmity in the notes, and it is particularly stated in the opinion that there was a failure of consideration. It is obvious that there was no failure of consideration at all prior to the time of the negotiation of the notes. The promise on the part of Lautenschlager to purchase a car and deliver the same to Huntsberger was a sufficient consideration for the execution and delivery of the notes. It is equally obvious that if the notes had not been negotiated, the failure to deliver the car would have constituted a defense to the notes in the hands of Lautenschlager. The record discloses that the factory did not have a Dort sedan car when the parties went to get it, and did not expect to have one of the particular type which Huntsberger desired within a period of 30 days. In the meantime, and before delivery of the Dort sedan, the factory suspended operations, and it became impossible to ever deliver such a car. The record further discloses that a Dort brougham car was in fact loaned to Huntsberger until such time as the Dort sedan
 
 *323
 
 could be delivered, and tbat Huntsberger still has the loaned car, which is of practically equal value with the sedan. Under these circumstances it is difficult to find any evidence of bad faith on the part of any one. There was merely a failure to perform an executory contract. A breach of the executory contract while the notes were still in possession of the payee would have constituted a defense, but, inasmuch as there had been no breach of the executory contract prior to the negotiation of the notes, and the finance company was not in any sense responsible for the performance of the executory contract, or bound to see to the application of the proceeds of the notes to the performance of the contract, we find nothing in this transaction which denies to the finance corporation all rights of a holder in due course. It is argued with much force, but with little logic, that the finance corporation had as much knowledge of the transaction as Lautenschlager himself. This is true, but not important. The only knowledge on the part of the finance corporation which would deny to it the protection of a holder in due course would be that of a breach of the executory contract at or before the time of the negotiation. The only circumstance which would make available to Huntsberger a defense of infirmities as between the original parties would be a breach not known to him at the time of negotiation, and yet known to the finance corporation.
 

 The purchaser of promissory notes executed by the maker to aid the payee in the performance of an executory contract, which contract was made between maker and payee concurrently in point of
 
 *324
 
 time with the execution of the notes, does not become a guarantor of performance by the payee; neither is such purchaser bound to see to the application of the proceeds of the notes to the performance of such executory contract. We find, therefore, from the undisputed evidence in the record that there were no infirmities in the notes, and no failure of consideration at the time of their negotiation to the finance corporation, and that such company is a holder in due course. The judgment of the Court of Appeals must therefore be reversed, and that of the common pleas affirmed.
 

 Judgment reversed.
 

 Day, Allen, Kinkade, Robinson, Jones and Matthias, JJ., concur.