B. A. C. CORPORATION, PLAINTIFF-APPELLANT, v. MICHAEL CIRUCCI ET AL., DEFENDANTS-APPELLEES.

Submitted October 5, 1943—Decided January 5, 1944.

Before Justices CASE, DONGES and PORTER.

For the plaintiff-appellant, *Benjamin F. Friedman.*

For the defendants-appellees, *Kenworthy & Clark.*

The opinion of the court was delivered by

DONGES, J. This is an appeal from a judgment of the District Court of the City of Camden in favor of the defendants and against the plaintiff in a suit upon a promissory

note. It appears by the agreed state of case that the defendants-respondents purchased a quantity of furniture from Louis-Harold Furniture Company, making a down payment of $75 and executing the note in suit in the sum of $344.95 and a conditional sales contract. At the time of execution the note and the conditional sales contract were attached, but the note was detached before the institution of the suit.

The note and the sales contract were sold by Louis-Harold Furniture Company to the plaintiff, B. A. C. Corporation. The transaction called for monthly payments upon the indebtedness of $22.99 by the defendants and three such payments were made. Defendants-respondents refused to make further payments because of alleged defects in the furniture. There was ample testimony, which was accepted as depicting the true situation by the trial court, to the effect that the furniture delivered did not conform to the sample exhibited, that the top of the wardrobe split, the front leg came off, and it was otherwise defective.

The position of the defendants was and is that the plaintiff is not a holder in due course of the note; that in this suit all defenses that would be available to defendants in a suit by the vendor of the furniture are available to them; and that, by reason of the defective condition of the furniture, there was a breach of contract by Louis-Harold Company which absolves defendants from liability.

The sole question argued and presented here for determination is whether or not such a defense may be raised by the defendants in a suit of this character.

The respondents rely upon the recent case in the Court of Errors and Appeals of *General Contract Purchase Corp.* v. *Moon Carrier Corp.*, 129 *N. J. L.* 431, and state that the applicable rule is "where a bill or note refers to or is accompanied by a collateral, contemporaneous, agreement or the purchaser has actual knowledge of the same, he takes subject to its contents or conditions." We think the Moon case is clearly distinguishable from the present one. In that case the defendant gave the note in payment of premiums on certain policies of insurance and executed certain contracts covering the terms of the transaction. The contracts were

assigned to the plaintiff along with the note. The court held that the very terms of the contracts put the plaintiff assignee upon notice that there was in the agreement a contemplation of the possibility of failure of consideration in part. It was held that from the agreements it was "readily deducible that plaintiff-respondent in its transactions with Frizzell & Company contemplated exactly such a situation as here and in case of diminution of consideration makes Frizzell & Company [plaintiff's assignor] responsible therefor."

The contract in the instant case between the defendants and Louis-Harold Company was an ordinary conditional sales contract covering furniture. There were no special or peculiar provisions as there were in the Moon case. In *West Side Trust Co.* v. *Krug,* 117 *N. J. L.* 102, a similar situation was presented. There a note was given in connection with the conditional sale of refrigerating equipment. In a suit by the purchaser of the note the defense was sought to be raised that the equipment was not in compliance with the implied warranty that it would effectively cool and refrigerate the beverages to be sold by the purchaser. The answer which sought to raise this defense was struck and the judgment was affirmed by the Court of Errors and Appeals.

In *Coffin* v. *May,* 104 *N. J. L.* 347, a trade acceptance purchased by the plaintiff bore the endorsement at the time of its purchase: "This trade acceptance covers two hundred and twenty-two radio cabinets and benches which are absolutely guaranteed and are to be replaced by the manufacturer if found damaged when the cartons are opened. Subscribed by D. W. May, Inc., and D. W. May, Treas." It was contended that this language imputed to the holder of the instrument actual knowledge of an infirmity existing in the instrument at the time of purchase and, therefore, there was a question of fact as to whether or not it was acquired in good faith. This contention was rejected by the Court of Errors and Appeals, the court saying there was no legal duty devolved upon the bank to make inquiry, whether or not the guarantee referred to in the endorsement was breached. "Since the payment of the trade acceptance was not made

dependent upon the performance or non-performance of the guarantee, it was of no importance to the bank."

In the case under consideration the conditional sales contract contained the language: "No warranties, express or implied, representations, promises, or statements in reference to said property have been made by Seller unless endorsed hereon in writing." The contract contained no such warranties or representations. In such a situation it is difficult to see how knowledge of the existence of the contract and of its terms could constitute notice to or knowledge in the purchaser of the note of any defect in the instrument. The provision of the statute is, *R. S.* 7:2–56: "To constitute notice of an infirmity in the instrument or defect in the title of the person negotiating the same, the person to whom it is negotiated must have had actual knowledge of the infirmity or defect, or knowledge of such facts that his action in taking the instrument amounted to bad faith." There is no claim that any complaint was made to the plaintiff as to the condition of the furniture until several months after it acquired the instrument. The infirmity in the instrument, then, must appear upon the face of the papers, and we are unable to find any defect that would, in contemplation of the statute, render this instrument non-negotiable or prevent the plaintiff from being considered a holder in due course.

The rule as stated in 10 *C. J. S.* 829, is "Thus, knowledge by an indorsee that the note was given in consideration of an executory agreement by the payee, or that it was given for the sale of goods warranted or guaranteed by the seller, or that the consideration was future and contingent, does not deprive the holder of his character as a holder in due course, if the payee fails to perform or the warranty or guarantee is breached, where the holder had no knowledge of the nonperformance or the breach prior to the acquisition of the instrument." As stated, in the Moon case the terms of the agreements and the nature of the subject-matter were such as to put the purchaser upon notice, but that is not the situation here.

The judgment of the District Court is reversed, with costs.