34 Cal.2d 766 (1950)
214 P.2d 819
COMMERCIAL CREDIT CORPORATION (a Corporation), Appellant,
v.
ORANGE COUNTY MACHINE WORKS et al., Respondents.
Docket No. L.A. 20911.
Supreme Court of California. In Bank.
February 24, 1950.
*767 Wm. G. Junge and Robert J. McGowan for Appellant.
Wm. K. Lindsay for Respondents.
EDMONDS, J.
Commercial Credit Corporation sued Orange County Machine Works, the maker of a promissory note representing the amount unpaid upon a conditional sales contract. The appeal from a judgment in favor of the maker presents for decision questions concerning the negotiability of the instrument and the respective rights of the parties in connection with the defense of failure of consideration.
The Machine Works was in the market for a Ferracute press. Ermac Company knew of one which could be purchased from General American Precooling Corporation for $5,000 and offered to sell it to the Machine Works for $5,500. Commercial Credit was consulted by Ermac and asked to finance the transaction. It agreed to do so by taking an assignment of the contract of sale between Ermac and the Machine Works.
During a period of about eight months before this time, Ermac had obtained similar financing from Commercial Credit and had some blank forms supplied to it by the latter. By a contract written upon one of these forms, which was entitled "Industrial Conditional Sales Contract," Ermac agreed to sell and Machine Works bound itself to purchase the press.
The terms of the contract relating to deferred payments were stated as follows: "The balance shown to be due hereunder (evidenced by my note of even date to your order) is payable in 12 equal consecutive installments of $355.09 each, the first installment payable one month from date *768 hereof. Said note is a negotiable instrument, separate and apart from this contract, even though at the time of execution it may be temporarily attached hereto by perforation or otherwise." The agreement also provided: "This contract may be assigned and/or said note may be negotiated without notice to me and when assigned and/or negotiated shall be free from any defense, counterclaim or cross complaint by me."
The note sued upon was originally the latter part of this printed form of contract but at a dotted or perforated line could be detached from it. At the time the president of Machine Works signed the contract and note, he raised a question about that portion of the document below the line. He was told it was just "a part of the contract."
Machine Works paid $1,512.50 to Ermac. That company, pursuant to the arrangements which it had made with Commercial Credit, assigned the contract and endorsed the note to the latter, which gave Ermac its check for $4,261. At the time the contract was delivered to the finance company the note had not been detached. Ermac deposited in its bank that check and the one received from the Machine Works, and sent to Precooling Corporation its check for $5,000. Upon presentation, this check was dishonored and because it was not paid, Precooling Corporation did not deliver the press.
By the present action, Commercial Credit is endeavoring to obtain a judgment against Machine Works and Ermac for the amount paid to Ermac, together with incidental fees and interest. Ermac defaulted. By cross-complaint, Machine Works demands $1,512.50 from Ermac and also seeks declaratory relief against Commercial Credit. Upon these pleadings and the evidence stated, which in all essential respects is uncontradicted, judgment was rendered in favor of Commercial Credit and Machine Works against Ermac, but in favor of Machine Works insofar as the demands of Commercial Credit against it are concerned. The court found that at the time Commercial Credit paid $4,261 to Ermac it knew that the mechanical press did not belong to that company, and had not been delivered to Machine Works. As a conclusion of law, the court determined that Commercial Credit is not a holder in due course of the note.
As grounds for a reversal of the judgment in favor of Machine Works, the finance company insists that the note, in form, is negotiable, and its status, as such, was not changed *769 because of original physical attachment to, nor later detachment from, the sales contract. A note, otherwise negotiable, does not lose that status, says the appellant, because it was given in connection with a conditional sales contract. Another point urged is that the character of an otherwise negotiable note is not destroyed by reason of the simultaneous assignment of a conditional sales contract, for security, to the endorsee of the note. Finally, the appellant argues, the note here sued upon is a separate and distinct instrument, negotiable in form; Machine Works knew its purpose and legal effect and is estopped to assert failure of consideration as a defense to an action upon it.
Machine Works directly challenges these contentions and asserts that Commercial Credit did not acquire the instrument in good faith and for value, and had notice of infirmities in the instrument and of the defect in the title of Ermac. As to the form of the instrument, the respondent takes the position that the conditional sales contract and the attached note must be construed as constituting a single document. As so construed it is a sales contract, assignable but not negotiable, and subject to all equities and defenses which the original parties to the contract may have had. Moreover, Machine Works asserts that the finance company was a party to the original transaction rather than a subsequent purchaser; it took title subject to all equities or defenses existing in its favor against Ermac, and any negotiability of the note was destroyed when it and the conditional sales contract were transferred together as one instrument.
Under section 3133 of the Civil Code, a holder in due course is one who has taken the instrument under the following conditions:
"1. That it is complete and regular upon its face;
"2. That he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact;
"3. That he took it in good faith and for value;
"4. That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it."
[1] In some states it has been held that in a suit upon a note executed concurrently with a conditional sales contract, a personal defense to the contract may be interposed *770 (Von Nordheim v. Cornelius, 129 Neb. 719 [262 N.W. 832]; Federal Credit Bureau, Inc. v. Zelkor Dining Car Corp., 238 App.Div. 379 [264 N.Y.S. 723]; Todd v. State Bank, 182 Iowa 276 [165 N.W. 593, 3 A.L.R. 971]; State National Bank v. Cantrell, 47 N.M. 389 [143 P.2d 592, 152 A.L.R. 1216]). Authorities in other jurisdictions are to the contrary (Thal v. Credit Alliance Corp., 64 App.D.C. 328 [78 F.2d 212, 100 A.L.R. 1354] (containing a review of the cases); Commercial Credit Co. v. McDonough Co., 238 Mass. 73 [130 N.E. 179]; Northwestern Finance Co. v. Crouch, 258 Mich. 411 [242 N.W. 771]; B.A.C. Corp. v. Cirucci, 131 N.J.L. 93 [35 A.2d 36]; Motor Finance Corp. v. Huntsberger, 116 Ohio St. 317 [156 N.E. 111]; Shawano Finance Corp. v. Julius, 214 Wis. 637 [254 N.W. 355]). The latter view is more in keeping with the necessities of business, and also better serves the underlying spirit of the Negotiable Instruments Act. [2] There is no good reason why the concurrent execution of a note and a conditional sales contract should deprive an otherwise negotiable instrument of the characteristics which give it commercial value. That factor alone should not defeat negotiability. [3] Nor, in the absence of fraudulent misrepresentation, not here present, is there reason to hold that the physical attachment of a note and a conditional sales contract at the time of execution renders the note nonnegotiable where the contract clearly shows the facts in regard to it.
In Commercial Credit Co. v. Childs (1940), 199 Ark. 1073 [137 S.W.2d 260, 128 A.L.R. 726], the court said: "... The note and contract are attached and constitute one instrument covering an agreement of the sale and purchase of the automobile in question.... The note, contract and assignment were all executed and signed the same day. The instrument was prepared and delivered to the Arkansas Motors, Inc., by appellant to be used by it in the sale and purchase of cars. Appellant financed the deal.
"We think appellant was so closely connected with the entire transaction or with the deal that it cannot be heard to say that it, in good faith, was an innocent purchaser of the instrument for value before maturity ... Rather than being a purchaser of the instrument after its execution it was to all intents and purposes a party to the agreement and instrument from the beginning ..."
The case is commented upon in 53 Harvard Law Review, page 1200, as follows: "By abandoning the test of the `white heart and the empty head' in the case of a transferee who *771 is more like a party to the original transaction than a subsequent purchaser, the decision increases the protection afforded the consumer who has not received what he was promised ... The holding is desirable in that it shifts the risk of the dealer's insolvency to the party better able to bear it, and since holders in due course from the finance company will be protected, the decision does not clog negotiability."
[4] In the present case, Commercial Credit supplied Ermac with forms and was twice consulted by telephone as to the impending deal. It knew all of the details of the transaction. Indeed, financing was applied for because Ermac did not have the money to buy the machinery which Machine Works desired to obtain. Throughout the entire transaction, Commercial Credit dealt chiefly with Ermac, the future payee, rather than with Machine Works, the future maker. Commercial Credit advanced money to Ermac with the understanding that the agreement and note would be assigned or endorsed to it immediately. In a very real sense, the finance company was a moving force in the transaction from its very inception, and acted as a party to it. Moreover, Commercial Credit knew the financial status of Ermac. As stated in the appellant's brief, Ermac was "... one of innumerable independent sellers of merchandise on conditional sales whose credit had been checked and financial integrity demonstrated."
When a finance company actively participates in a transaction of this type from its inception, counseling and aiding the future vendor-payee, it cannot be regarded as a holder in due course of the note given in the transaction and the defense of failure of consideration may properly be maintained. Machine Works never obtained the press for which it bargained and, as against Commercial, there is no more obligation upon it to pay the note than there is to pay the installments specified in the contract.
The judgment is affirmed.
Gibson, C.J., Shenk, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.
Appellant's petition for a rehearing was denied March 23, 1950.