P.E.A.C.E. CORPORATION, a corporation, M. B. Baldwin, Paul M. Goode, O. J. McGinnis and George Tate, Appellants,

v.

OKLAHOMA NATURAL GAS COMPANY and Refrigeration Sales & Engineering Co., Appellees.

No. 48585.

Supreme Court of Oklahoma.

July 26, 1977.

Rehearing Denied Sept. 26, 1977.

Richard D. Hampton, James C. Hanna, Oklahoma City, for appellants.

Pierce, Couch, Hendrickson & Short, Calvin W. Hendrickson, John E. Wiggins, Oklahoma City, for appellees.

DOOLIN, Justice.

This is an appeal from an ancillary proceeding which was severed from a prior suit in foreclosure of a real estate mortgage.

P.E.A.C.E. Corporation (Corporation) [1] financed the building of a new shopping center through a mortgage on the property given to Oklahoma City Federal Savings and Loan Association. At the time of construction of the center, a gas powered heating and air-conditioning system was installed by Refrigeration Sales & Engineering Co. (RS&E). The purchase of equipment for the system was secured by three conditional sales contracts between Corporation and RS&E, purportedly assigned to Oklahoma Natural Gas Co. (ONG).

From the beginning of operation, the air-conditioning did not function properly. Neither RS&E nor ONG was able to correct the problem. Lessees of space in the center refused to pay their rent until the air-conditioning system was operative. Some moved out. A lienholder commenced foreclosure action against Corporation. Oklahoma City Federal Savings and Loan Association, named as a co-defendant, cross-petitioned for the amount due on its real estate mortgage and for foreclosure of same. ONG as co-defendant cross-petitioned against Corporation claiming as assignee of the conditional sales contracts seeking foreclosure.

A receiver was appointed and the property was sold. All liens were foreclosed except the interest asserted by ONG in the air-conditioning equipment.

Corporation filed its answer to ONG and cross-petitioned against ONG and RS&E for damages arising out of the inadequacy of the air-conditioning system, claiming its loss of the center arose out of the failure of the system to provide air conditioning to the tenants. By agreement and order of the trial court the pleadings representing the issues between ONG and RS&E and Corporation were withdrawn from the first foreclosure action and refiled as a new action, which is the subject of this appeal.

The trial to a jury was bifurcated. The only evidence presented was directed to the liability of ONG and RS&E. No evidence was presented as to amount of damages suffered by Corporation. ONG introduced the three conditional sales contracts. It was undisputed that there remained a balance of $34,000.00 due and owing on the contracts. Corporation presented its evidence of failure of consideration and breach of warranty. Corporation also offered evidence attempting to show ONG induced it to purchase the system through false representations as to the system's capabilities.

ONG and RS&E demurred to Corporation's evidence. The trial court sustained both demurrers but took the question of Corporation's liability to ONG on the contracts under advisement and dismissed the jury. Corporation appeals.

Corporation first asserts the trial court committed error in sustaining the demurrers of ONG and RS&E to its evidence. Two additional propositions claim trial court committed error in taking the issue of liability of Corporation to ONG on the contract under advisement and in failing to dismiss ONG's action against the individual defendants. These last two propositions

---

1. Appellants M. B. Baldwin, Paul M. Goode, O. J. McGinnis and George Tate at all times were stockholders in the Corporation and either officers and directors or both in said Corporation. Reference to Corporation in the opinion, unless specified otherwise, includes these co-appellants.

pertain to ONG's action on the contract which trial court did not resolve but took under advisement. An order which neither grants nor denies the relief sought and which does not dispose of all the issues in the case or some one or more of the causes of action thereof cannot be construed to rise to the dignity of a judgment.[2] There has been no judgment rendered on the contracts. There exists no final appealable order, thus these two propositions may not be considered in this appeal.

Corporation alleged in its cross-petition that ONG was in the business of distributing and selling natural gas; that in its advertising it represented the good quality of gas air-conditioning; that ONG offered to finance and install the unit and to secure RS&E to design and install the system. It further alleged these representations were false and were made to induce Corporation to rely on them and to purchase the gas system for its center.

As to RS&E, Corporation alleged it designed and installed the system in an unworkmanlike manner so as to be unfit for the use and purposes intended.

The record is replete with evidence the system did not operate properly and did not adequately cool the center. There is proof it was improperly designed and installed and could not be modified to overcome the myriad of problems that existed. We must decide whether there was sufficient evidence of liability for these problems on part of ONG and RS&E to withstand their demurrers.

■ We will deal first with the demurrer of ONG. ONG is involved in this lawsuit in two capacities. It is *plaintiff* in its action against Corporation as assignee of the conditional sales contract. The court made no ruling on this cause of action. Whether

Corporation has offered enough evidence of a valid defense and cancellation of its indebtedness is not before us in this appeal. Because of its involvement in the project, ONG's argument that it is a holder in due course of the contract is unconvincing,[3] but this fact is immaterial as it is not a defense to Corporation's charge of misrepresentation and fraud against ONG.

■ ONG also argues a "waiver of defense" clause in the contract prohibits any action against it.[4] Here again this argument would apply to the action on the contract and not to Corporation's suit in tort. Whether Corporation's defenses have been waived is not an issue at this time.

For the purpose of this appeal ONG wears only the cloak of *defendant* in Corporation's suit in tort. Any liability of ONG must be predicated on whether it was instrumental in the design, inducing purchase or installation of the system and whether the representations it made to Corporation were fraudulent.

The trial court, while acknowledging the system failed found one element of fraud was missing, the element of ONG's knowingly misrepresenting the product. Therefore in considering the evidence, it felt the proof of misrepresentation or fraud was "not of that convincing and cogent type that the cases speak of."

Corporation cites *Dentco Inc. Co. v. Oklahoma Natural Gas Co.* 47 OBJ 1740, cert. denied May 16, 1977, 569 P.2d 512 (Okl. 1977). This is a case very similar to the one at bar, wherein the Court of Appeals reversed a judgment sustaining ONG's demurrer to Dentco's evidence of material false representation of gas air-conditioning. In that case there was undisputed evidence that ONG drew the plans for the system. Evidence also indicated a representative of

2. *Emerson v. Lewis,* 274 P.2d 529 (Okl.1954).

3. *Commercial Credit Corporation v. Orange County Machine Works,,* 34 Cal.2d 766, 214 P.2d 819 (1950); *James Talcott, Inc. v. Finley,* 389 P.2d 988 (Okl.1964).

4. The Contracts provided: "Customer agrees that if Seller's rights under this contract are assigned or transferred in any way to a third person (to which Customer hereby agrees), Customer will not assert against such assignee any claim, defense, counterclaim, set off or cross-complaint, known or unknown, which Customer now has or hereafter acquires against Seller."

ONG represented to plaintiff the units would operate cheaper and more efficiently than electricity and quoted figures as to the savings to be expected. The court held Dentco's evidence was sufficient to entitle it to have the question submitted to the jury on at least two theories—negligence (tort) and breach of a continuing covenant.

The evidence here supporting Corporation's theory of *fraud* is not so unequivocal.

■ In Oklahoma, juries are instructed that fraud must proved by clear and convincing, or clear and satisfactory evidence.[5] But it is not necessary that evidence of fraud be "clear and convincing" to escape a demurrer to the evidence. However, there must be evidence of each element of fraud presented before the issue may be submitted to the jury.[6]

■ An essential element of actionable "false representation" is scienter or knowledge of the falsity of statements made, or negligence in making it without reasonable ground for believing it to be true.[7] A demurrer to evidence does not admit conclusions of fact or law unless they are attended by supporting evidence. Evidence of each element must be present. The absence of any one element is fatal.[8]

■ The trial court found the element of knowledge by ONG of the falsity of its representations was missing. Upon review of the record and the evidence we find the trial court did not err in sustaining ONG's demurrer to Corporation's evidence of fraud. Assuming all facts presented by Corporation to be true together with all inferences and deductions that could be reasonably drawn, we find record is devoid of proof tending to establish ONG knew the system would not function properly.[9] Trial court properly sustained ONG's demurrer to Corporation's evidence of misrepresentation and fraud.[10]

Turning to the demurrer of RS&E, Corporation tacitly admits its charges of fraud were directed primarily at ONG. Any liability of RS&E must be based on evidence of a breach of warranty.[11]

■ The trial court stated it was sustaining RS&E's demurrer because each contract contained a warranty exclusion clause that stated in reference to the equipment:

"This contract contains all warranties, agreements and representations, express or implied, relative to the sale, installation and operation of said property."

This disclaimer was on the back of the contract, under a general heading of ADDITIONAL TERMS, CONDITIONS, WARRANTIES AND COVENANTS. It was in the same small print as all the other provisions in this general heading. It was not capitalized or set apart in any manner.

The trial court found this provision was conspicuous and thus valid under the requirements of 12A O.S.1971 § 2–316(2)(3). We do not agree. § 2–316(2)(3) provides:

**5.** *Pugh-Bishop Chevrolet Co. v. Duncan,* 176 Okl. 310, 55 P.2d 1003 (1936); *Jones v. Featherston,* 373 P.2d 16 (Okl.1962); *State Bank of Parsons, Kansas v. Elliott,* 447 P.2d 778 (Okl. 1968); *State ex rel. Derryberry v. Kerr-McGee Corporation,* 516 P.2d 813 (Okl.1973).

**6.** This court has stated the elements of fraud to be (1) defendant made material representation; (2) that it was false; (3) that he made it when he knew it was false, or made it recklessly without any knowledge of its truth; (4) that he made it with the intention it should be acted upon by plaintiff; (5) that plaintiff did act in reliance on it and (6) that he thereby suffered injury. *State ex rel. Southwestern Bell Telephone Co. v. Brown,* 519 P.2d 491 (Okl.1974): Also see *Wingate v. Render,* 58 Okl. 656, 160 P. 614 (1916); *Gold Kist Peanut Growers Association v. Waldman,* 377 P.2d 807 (Okl.1962); *Hulbert v. Givens,* 392 P.2d 729 (Okl.1964); *Moss*

*Chevrolet, Inc. v. Pitzer,* 479 P.2d 958 (Okl. 1971).

**7.** *Canon v. Chapman,* 161 F.Supp. 104 (W.D. Okl.1958).

**8.** *Steiger v. Commerce Acceptance of Oklahoma City, Inc.,* 455 P.2d 81 (Okl.1969).

**9.** See *Johnson v. Caldwell,* 180 Okl. 470, 71 P.2d 620 (1937); *Morris v. McLendon,* 167 Okl. 68, 27 P.2d 811 (1933).

**10.** See *Farris v. McCourry,* 347 P.2d 797 (Okl. 1959); *Smith v. Goff,* 325 P.2d 1061 (Okl.1958).

**11.** Apparently the statute of limitations for negligence actions had expired at time this suit was initiated.

"(2) Subject to subsection (3), to exclude or modify the implied warranty of merchantability or any part of it the language *must mention merchantability* and in case of a writing must be conspicuous, and to exclude or modify any implied warranty of fitness the exclusion must be by a writing and *conspicuous.* Language to exclude all implied warranties of fitness is sufficient if it states, for example, that 'There are no warranties which extend beyond the description on the face hereof.'

(3) Notwithstanding subsection (2)

(a) unless the circumstances indicate otherwise, all implied warranties are excluded by expressions like "as is", "with all faults" or other language which in common understanding calls the buyer's attention to the exclusion of warranties and makes plain that there is no implied warranty; and

(b) when the buyer before entering into the contract has examined the goods or the sample or model as fully as he desired or has refused to examine the goods there is no implied warranty with regard to defects which an examination ought in the circumstances to have revealed to him; and

(c) an implied warranty can also be excluded or modified by course of dealing or course of performance or usage of trade." (Emphasis supplied).

The word "conspicuous" is defined by 12A O.S. § 1–201(10):

"(10) 'Conspicuous': A term or clause is conspicuous when it is so written that a reasonable person against whom it is to operate ought to have noticed it. A printed heading in capitals (as: NON-NEGOTIABLE BILL OF LADING) is conspicuous. Language in the body of a form is "conspicuous" if it is in larger or other contrasting type or color. But in a telegram any stated term is 'conspicuous'. Whether a term or clause is "conspicuous" or not is for decision by the court."

Comment 10 to this section of the official code states the test to be that a term is conspicuous if "attention can reasonably be expected to be called to it."

Does the language in this contract satisfy the requirements of § 2–316 and if so is the provision "conspicuous"? The plain statutory command, that "to exclude or modify the implied warranty of merchantability" the language must mention merchantability, is not met. The contract contains no language that will comport with the requirements of either § 2–316(2) or § 2–316(3), nor is the provision "conspicuous". It is not in capital letters or in a large or different colored type. It is on the back of the contract. The heading makes no indication the provisions include an exclusion of warranties. Although none of these factors standing alone necessarily will invalidate a disclaimer clause, the combination of all these factors [12] plus the lack of evidence Corporation had actual notice RS&E was excluding all warranties,[13] leads us to hold the attempted exclusion of warranties in the contract was not effective. The demurrer of RS&E was improperly sustained. This cause should have been submitted to the jury for a determination of whether any warranties had been breached.

■ Corporation's brief includes a final proposition of error on behalf of the individual appellants as plaintiffs in the tort action. The trial court dismissed their action against both ONG and RS&E because it felt they were not proper parties to the suit. The court stated there would be a "danger that if there was a recovery by the corporation and the individuals that they

---

**12.** *Massey-Ferguson, Inc. v. Utley*, 439 S.W.2d 57 (Ky.App.1969); *Mack Trucks of Arkansas, Inc. v. Jet Asphalt and Rock Co.*, 246 Ark. 101, 437 S.W.2d 459 (1969); *Hunt v. Perkins Machinery Co.*, 352 Mass. 535, 226 N.E.2d 228 (1967); *Geo. C. Christopher & Son, Inc. v. Kansas P & C Co., Inc.*, 215 Kan. 185, 523 P.2d 709 (1974); 17 A.L.R.3d 1010 §§ 25, 26.

**13.** RS&E's reliance on *Smith v. Sharpensteen* 521 P.2d 394 (Okl.1974) is misplaced. In that case the buyer of the tractor was admittedly made aware that the written contract of sale excluded any warranty. Therefore § 2–316(2)(3) did not apply. There is no such evidence here.

will have benefited twice." The trial court stated if the individuals expended personal funds in the construction of the center it was as "mere volunteers".

The individual appellants submit this decision was premature. Because the trial was bifurcated, Corporation offered only evidence as to the *liability* of ONG and RS&E. It did not offer any evidence of damages to either the corporation or the individuals involved. Whether the individuals were volunteers or would receive a double recovery is a matter of proof to be heard during the damage portion of the trial.

This point is well taken and it applies to RS&E. We have here held ONG's demurrer to the evidence of fraud was properly sustained, thus individuals' action as well as that of the corporation against ONG was properly dismissed. If on remand the jury determines RS&E is liable for breach of warranty, question of whether individuals suffered damages must be delayed until trial court and jury have the damage evidence before them.

It was error to dismiss the actions of M. G. Baldwin, Paul M. Goode, O. J. McGinnis and George Tate against RS&E.

The trial court is affirmed as to its ruling on ONG's demurrer to Corporation's evidence of fraud. Trial court is reversed as to the sustaining of RS&E's demurrer to Corporation's evidence of breach of warranty and as to its dismissal of individual plaintiffs' action against RS&E. The cause is remanded to the trial court for further proceedings not inconsistent with the views herein expressed, as to liability of RS&E, if any, as to breach of warranty, and damages flowing therefrom.

HODGES, C. J., LAVENDER, V. C. J., and DAVISON, IRWIN, BERRY, BARNES and SIMMS, JJ., concur.